382 So.2d 765 (1980)
STATE of Florida, Petitioner,
v.
Samuel JOHNSON, Respondent.
No. 79-2011.
District Court of Appeal of Florida, Second District.
April 2, 1980.
*766 James A. Gardner, State's Atty., and H.H. Hester, III, Asst. State's Atty., Bradenton, for petitioner.
Elliott C. Metcalfe, Jr., Public Defender, and Zollie S. Cowart, III, Asst. Public Defender, Bradenton, for respondent.
BOARDMAN, Acting Chief Judge.
The state by petition for common law certiorari asks this court to quash several pretrial, evidentiary rulings by the trial court. After consideration of each point raised, we conclude that only one of the trial court's rulings departed from the essential requirements of law; accordingly, we grant certiorari in part.
Robert W. Goolsby and respondent Samuel Johnson were charged with two counts of sexual battery and one count of burglary.[1] During the course of the sexual battery, respondent allegedly struck the victim, causing Goolsby to say, "Don't hurt her, Sam." Respondent filed the motion in limine seeking to exclude the victim's testimony concerning Goolsby's statement from evidence. The trial court concluded that the statement was hearsay and granted the motion.
We do not necessarily agree that the statement constituted hearsay, but even if it was hearsay we hold that the trial court departed from the essential requirements of law in failing to find that this statement was admissible under the res gestae or excited utterance exception to the hearsay rule.
The new evidence code is not applicable here, its effective date being subsequent to the date of respondent's trial. However, a review of its pertinent provisions is enlightening. The former res gestae exception to the hearsay rule is not included in the new evidence code. Section 90.803(2), Florida Statutes (1979), however, provides for a newly designated "excited utterance" exception to the hearsay rule. This section defines an excited utterance as: "A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
Goolsby's statement clearly falls within the definition of an excited utterance. Therefore, the only question is whether Section 90.803(2) provides for a new exception to the hearsay rule in Florida, or merely renames an existing exception. The sponsor's note to this section states that the section does not change the law of evidence, but merely affects a change in terminology. The note indicates that the excited utterance theory is not a new theory in Florida evidence but is simply one element of the oft-criticized res gestae rule, which served as a catchall provision for several very distinct exceptions to the hearsay rule. Under the new code, the res gestae rule has been broken down into its various components.
We conclude that the excited utterance exception is not a new exception to the hearsay rule, but has always been one component of the loosely defined res gestae exception. Thus, the trial court departed from the essential requirements of law in granting the motion in limine. We therefore grant certiorari as to this point and quash the order granting the motion in limine. The petition for certiorari is otherwise denied.
Certiorari GRANTED IN PART and DENIED IN PART.
SCHEB and CAMPBELL, JJ., concur.
NOTES
[1] Goolsby was tried separately and is not involved in this appeal.