524 So.2d 660 (1988)
STATE of Florida, Petitioner,
v.
Bret Edmund JANO, Respondent.
No. 71033.
Supreme Court of Florida.
May 5, 1988.
Robert A. Butterworth, Atty. Gen. and Carolyn V. McCann, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for respondent.
GRIMES, Justice.
This case is before us to answer the following question certified to be of great public importance in Jano v. State, 510 So.2d 615, 620 (Fla. 4th DCA 1987):
Whether out-of-court statements of a child are admissible under section 90.803(1) or (2), Florida Statutes, where they refer to a series of prior events which the testimony does not establish as having occurred simultaneously with or immediately preceding the hearsay statement of the victim.
We have jurisdiction under article V, section 3(b)(4), Florida Constitution.
Bret Edmund Jano was convicted of the sexual battery of his two and one-half year old daughter and sentenced to life imprisonment. The child did not appear at Jano's trial and there was no indication in the record why she did not testify, nor whether she would have been competent to do so. The incriminating evidence against Jano consisted substantially of testimony admitted under either the spontaneous statement or excited utterance exceptions to the hearsay rule contained in section 90.803(1) and (2), Florida Statutes (1979). Section 90.803(1) and (2), Florida Statutes (1979), provides:

*661 (1) SPONTANEOUS STATEMENT.  A spontaneous statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness.
(2) EXCITED UTTERANCE.  A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
A complete recitation of the statements at issue in this case may be found in the district court's opinion. For our purposes, it is sufficient to say that the incriminating evidence against Jano consisted of testimony by babysitters and a child protection worker concerning statements made by the child which implicated her father as the person who sexually molested her. The dates on which the abuse occurred were never conclusively established. Moreover, the record does not reflect the length of time between the abuse and the child's statements. The witnesses did testify that the child's statements were spontaneous rather than in response to questioning. There is no question that the child was sexually abused. However, Jano contends that he was not the person who perpetrated the acts upon her. The Fourth District Court of Appeal found that the child's hearsay statements did not fall within the spontaneous statement or excited utterance exceptions, reversed Jano's conviction and remanded for a new trial.
Because section 90.803(1) requires that the statements be made while the declarant is perceiving the event or condition or immediately thereafter, the state conceded at oral argument that the child's statements did not fall within the scope of that exception. The state contends, however, that the statements were made while the child was still under the stress of excitement caused by the event or condition and, as a consequence, they were admissible as excited utterances under section 90.803(2). The state notes that the immediacy of the statement is not spelled out as a statutory requirement of this exception.
The excited utterance exception is not a new theory of Florida evidence but rather one of a group of exceptions subsumed under the old term of "res gestae." State v. Johnson, 382 So.2d 765 (Fla. 2d DCA 1980); 1 F. Read, Read's Florida Evidence 693 (1987). The essential elements necessary to fall within the excited utterance exception are that (1) there must be an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must be made while the person is under the stress of excitement caused by the event. Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982).
The spontaneous statement exception and the excited utterance exception often overlap. However, as noted by Professor Ehrhardt:
The two exceptions differ mainly in the amount of time that may lapse between the event and the statement describing the event. Under Section 90.803(2) it is not necessary that there be contemporaneity between the event and the statement. As long as the excited state of mind is present when the statement is made, the statement is admissible if it meets the other requirements of Section 90.803(2). This excited state may exist a substantial length of time after the event. Factors that the trial judge can consider in determining whether the necessary state of stress or excitement is present are the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event and the subject matter of the statements. Whether the necessary state of mind is present is a preliminary fact for the court to determine pursuant to Section 90.104. If a person involved in an automobile accident is rendered unconscious, a statement made a number of days after the accident when he or she regains consciousness can be admitted as an excited utterance if it was made while the person was excited about the accident. Under *662 Section 90.803(2) the statement must only "relate" to the event causing the excitement; Section 90.803(1) is limited to statements which "describe or explain" the event.
1 C. Ehrhardt, Florida Evidence § 803.2 at 473-74 (2d ed. 1984) (footnotes omitted).
Nevertheless, the duration of time between the event and the statement remains an important consideration. In analyzing excited utterances:
Probably the most important of the many factors entering into this determination is the time factor. If the statement occurs while the exciting event is still in progress, courts have little difficulty finding that the excitement prompted the statement. But as the time between the event and the statement increases, so does the reluctance to find the statement an excited utterance. Although one court has held a statement made fourteen hours after a physical beating to be the product of the excitement caused by the beating, other courts have held statements made within minutes of the event not admissible. Perhaps an accurate rule of thumb might be that where the time interval between the event and the statement is long enough to permit reflective thought, the statement will be excluded in the absence of some proof that the declarant did not in fact engage in a reflective thought process.
E. Cleary, McCormick on Evidence § 297 at 856 (3d ed. 1984) (footnotes omitted). Cf. Carver v. State, 344 So.2d 1328, 1331 (Fla. 1st DCA) ("[a] key element in determining whether a statement is or is not a part of the res gestae is the interval of time between the principal act or main event and when the statement is made"), cert. denied, 352 So.2d 174 (1977).
In recent years, some courts have applied the excited utterance exception more liberally in child abuse cases. This latitude is premised on the belief that children of tender years are not adept at reasoned reflection and not likely to concoct false stories concerning sex abuse even if a period of time has transpired since the event. E.g., Lancaster v. People, 200 Colo. 448, 615 P.2d 720 (1980); In re Marriage of Theis, 121 Ill. App.3d 1092, 77 Ill.Dec. 608, 460 N.E.2d 912 (1984); See Annotation, Time Element as Affecting Admissibility of Statement or Complaint Made by Victim of Sex Crime as Res Gestae, Spontaneous Exclamation, or Excited Utterance, 89 A.L.R.3d 102 (1979). 2 S. Gard, Jones on Evidence § 10:4a at 49 (6th ed. Supp. 1987) explains:
The frequency of child-abuse complaints has focused interest on the problem of making out-of-court declarations of very young children available as evidence, freed from the conventional restraints of the hearsay rule, to prove the crime charged by identifying the assailant. These cases provide a strong argument for relaxation of traditional hearsay exclusion and the broadening of the hearsay exceptions. Legislation to that end is finding its way into the books, and some courts have found ways to accomplish this result without legislation, mostly on the basis of relaxation of the requirement of spontaneity for res gestae qualification and recognizing the element of excitement or renewed or stimulated excitement as amounting to the same thing. But without legislative sanction courts have not gone so far as to adopt the principle that declarations of small children are inherently trustworthy for the lack of motive or capacity and understanding not to tell the truth, absent evidence of coaching or threats or suggestion by others to make the statements suspect. So far efforts at legislation that go the whole way have not met with success, and courts show reluctance to depart very far from well established standards of res gestae for young and old alike.
Two recent Florida decisions support the foregoing observation. Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986) (counselor's hearsay recitation of child's statement of child abuse made several hours after incident and without showing that the child was excited held inadmissible); Begley v. State, 483 So.2d 70 (Fla. 4th DCA 1986) (mother's hearsay testimony of child's *663 statement of abuse by father made after an unspecified period of time following the incidents did not qualify as an excited utterance).
In the final analysis, we reach the same conclusion as that stated by the district court of appeal:
We recognize that there is no bright line standard by which to measure the length of a permissible time gap for the number of hours or days that excitement can be said to continue from the stress of a crime. However, it is clear that the intent of the [evidence] code, which we are obliged to enforce, is that the state prove that the time was sufficiently short under the facts to fall within the limits of the exception.
Jano v. State, 510 So.2d at 619.
Because of the manner in which it is phrased, the certified question can only be answered "sometimes." It is evident that some out-of-court statements may be admitted as excited utterances even though they were not made contemporaneously or immediately after the event providing they meet the requirements of section 90.803(2). On the other hand, the length of time between the event and the statement is pertinent in considering whether the statement may be admitted as an excited utterance. The fact that a declarant long after the occurrence of a startling event once again becomes excited in the course of telling about it would not permit the statement to be introduced as an excited utterance. It would be an exceptional case in which a statement made more than several hours after the event could qualify as an excited utterance because it would be unlikely that the declarant would still be under the stress of excitement caused by the event. While under some circumstances the age of the declarant might justify the admission of such a statement, we cannot stretch the limits of section 90.803(2) to accommodate the position of the state in this case. Not only does the record fail to establish the time periods between the events and the statement, the evidence does not sufficiently show that the statements were made while the child was under the stress of excitement caused by the abuse.
While not dispositive with respect to this opinion, we note that subsequent to the trial of this case, the legislature responded to the policy arguments now made by the state by enacting section 90.803(23), Florida Statutes (1985). This new legislation establishes a procedure by which certain hearsay statements of child victims of sexual abuse may be admitted into evidence without reliance on the traditional exceptions to the hearsay rule.
We answer the certified question as indicated above and approve the decision of the district court of appeal.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.