679 So.2d 844 (1996)
Dorvil CHARLOT, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2138.
District Court of Appeal of Florida, Fourth District.
September 11, 1996.
Rehearing Denied October 3, 1996.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jiminez-Oroso, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
Appellant was convicted of armed trespass, armed false imprisonment, and aggravated battery. He argues that the court erred in admitting the victim's narrative statement made to a police officer right after the incident, under the excited utterance exception to the hearsay rule. We agree, but find the error to be harmless.
According to the victim of the attack, she and the appellant had been friends for a number of years, but had not been romantically involved. After she had gone to bed *845 one night, she heard appellant tapping on her window and advised him that she was going to sleep. Appellant told the victim he was "just checking."
The victim was later awakened with the appellant sitting on her with a knife in one hand and his other hand on her throat. She told him to get off of her and leave. The two of them walked out of the bedroom, after which the appellant ripped the phone off the wall and forced the victim back into the bedroom where he attempted to tape her mouth and hands. She was able to ward off this attempt and, after further scuffling and conversation, the appellant left.
The victim ran to a pay phone, called the police and friends. Her friends arrived in about five minutes. Upon their arrival, the victim briefly stated that appellant had broken in and put a knife to her in an attempt to rape her. The police arrived five minutes later and these friends departed in search of the appellant. The victim proceeded to give a more detailed narrative statement of the events to the officer.
Over appellant's objection the trial court allowed the police officer to testify as to the victim's statements as an exception to the hearsay rule under section 90.803(2), Florida Statutes (1995) which provides:
(2) EXCITED UTTERANCE.A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
The requirements for admitting an excited utterance are:
A statement qualifies for admission as an excited utterance when (1) there is an event startling enough to cause nervous excitement; (2) the statement was made before there was time for reflection; and (3) the statement was made while the person was under the stress of the excitement from the startling event.
Rogers v. State, 660 So.2d 237, 240 (Fla. 1995).
In the present case the responding officer testified that the victim was frantic and hysterical when he arrived, and it was immediately upon his arrival that the victim began telling him what occurred. When asked how long it took to get the information from the victim, he was uncertain. He testified that she was showing him around the apartment and that he was taking "little by little statements," which he noted. He remained in the apartment while writing out his report, and was there altogether for about two hours.
A statement as to what occurred does not become admissible merely because the victim is still in an excited state. If "the time interval between the event and the statement is long enough to permit reflective thought, the statement will be excluded in the absence of some proof that the declarant did not in fact engage in a reflective thought process." State v. Jano, 524 So.2d 660, 662 (Fla.1988) (quoting Edward W. Cleary, McCormick on Evidence § 297 at 856 (3d ed. 1984)). See also Rogers, 660 So.2d at 240.
We conclude that the trial court erred in admitting the victim's statements to the police officer as an excited utterance, because there was no showing, as Jano requires, that the victim did not have time for reflective thought. Although the officer arrived within ten minutes, he was unable to say how long her statements to him continued during the two hours he was with her at the apartment. See Preston v. State, 470 So.2d 836 (Fla. 2d DCA 1985) (statements made to investigating officer between one and two hours after sexual attack inadmissible as excited utterance).
Prior to the adoption of the Florida Evidence Code in 1976, excited utterance was one of several exceptions to the hearsay rule known as "res gestae." Jano, 524 So.2d at 661. The adoption of the evidence code brought a change in terminology but did not change the rule of evidence. State v. Johnson, 382 So.2d 765 (Fla. 2d DCA 1980). In Green v. State, 93 Fla. 1076, 113 So. 121, 123 (Fla.1927), our supreme court stated that, "if the supposed statement, exclamation, or spontaneous utterance takes the form of a narrative of a past event, it is very well established that it may not be considered as part of the transaction or res gestae."
Although the court should not have allowed the officer to testify as to the narrative, *846 it was harmless in the present case for two reasons. First, the appellant took the stand and admitted much of the police officer's hearsay testimony. The appellant confirmed that he had entered the victim's home without her permission in the middle of the night while she was asleep. He further admitted that he had put a stocking over his head in order to disguise himself as a burglar, had armed himself with a knife from her kitchen, found her sound asleep, and climbed on top of her. His explanation for all of this was that he was only trying to scare her to show how easy it would be for someone to break into her apartment.
Second, the officer's testimony as to the narrative statements was cumulative to the properly admitted statements made by the victim to her friends who had arrived prior to the police. See Hodges v. State, 595 So.2d 929 (Fla.1992). We therefore affirm.
STONE, J., concurs.
PARIENTE, J., dissents with opinion.
PARIENTE, Judge, dissenting.
I agree with Judge Klein's analysis that the detailed narrative statement does not qualify as an excited utterance. I disagree that the state has established that admission of the statement was harmless beyond a reasonable doubt under the guidelines set forth in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
I disagree with Judge Klein that the testimony was harmless because it was cumulative. The police officer's recitation of what the victim told him was in narrative form and far more detailed than the testimony of the victim's friends. More importantly, the detailed prior consistent and corroborating statement came from a police officer. As this court stated in Barnes v. State, 576 So.2d 439, 439 (Fla. 4th DCA 1991):
A witness's prior consistent statement may not be used to bolster his trial testimony. The rationale prohibiting the use of prior consistent statements is to prevent "putting a cloak of credibility" on the witness's testimony. When a police officer, who is generally regarded by the jury as disinterested and objective and therefore highly credible is the corroborating witness, the danger of improperly influencing the jury becomes particularly grave.

(Citations omitted) (emphasis supplied).
Judge Klein contends that defendant's own words were sufficiently damning as to render the admission of the police officer's narrative statement harmless error. This assertion that defendant's own words established his guiltoverlooks the fact that once faced with the police officer's testimony, defendant was left with little choice but to testify.
Furthermore, although defendant did not deny being in the victim's apartment, defendant did not confess to the crimes with which he was charged. Defendant's version of the incident differed significantly from the victim's, including his assertion that he entered by using a key the victim had given him and that he at no time attacked the victim. For all these reasons, I am unable to conclude that the state carried its burden under DiGuilio.