KLEIN, J.
Appellant, who was charged with enticing two children, was convicted of interference with custody and attempted false imprisonment. He appeals, arguing that the trial court erred in admitting into evidence statements made by the children and that section 787.03(1), Florida Statutes (1995) is void for vagueness because it does not define “entice.” We affirm.
The incident involved two cousins, one age seven and the other age four, who were playing in their front yard. The father of the younger child heard screaming, ran out to the yard, and was told by the older child that a man had been trying to get them to get into his car by telling them that he had ice cream, candy, and a dog. A neighbor who was working in his yard had observed the car. The father and the neighbor drove around the neighborhood and found the car with the appellant in it and got the tag number.
An officer who was dispatched to the scene testified that the two children told him that the man first asked them if they wanted to get into his car. When the older child responded, “No,” he offered her ice cream. When she again refused, he asked if she would like to pet his puppy. She saw no dog in the car, again refused, and the younger *1222 child then called for the older child’s brother, who was working in the yard. The car drove off, but came by again, and the older brother was able to get a good look at the driver and identified the appellant as being the driver.
The argument advanced by appellant is that the trial court did not follow section 90.803(23), Florida Statutes (1995), governing the admissibility of out-of-court statements made by child victims as an exception to the hearsay rule. The trial court should not, appellant contends, have allowed the father and the officer to testify as to the children’s statements, because the state did not comply with the ten day notice requirement of section 90.803(23)(b). The state responds that there was sufficient compliance or in the alternative the error was harmless.
When the father testified about the statements made by the children at the time of the incident, the state argued that they were admissible as excited utterances under section 90.803(2), Florida Statutes (1995). If these statements were admissible as excited utterances, they would be admissible for that reason alone and would not have to meet the requirements of section 90.803(23). Subsection (23) is an additional exception to the hearsay rule, and was added to expand section 90.803, not limit it. Department of Health and Rehabilitative Servs. v. M.B., 701 So.2d 1155 (Fla.1997); State v. Jones, 625 So.2d 821 (Fla.1993).
In State v. Jano, 524 So.2d 660, 661 (Fla.1988), the Florida Supreme Court set forth the requirements for statements to be admissible as excited utterances as follows:
(1) there must be an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must be made while the person is under the stress of excitement caused by the event.
Id. at 662.
The children’s statements to their father clearly meet the above requirements, and the trial court was correct in admitting them as excited utterances. Nor did the trial court err in allowing the officer, who testified that the children were still excited and upset when they spoke with him shortly after the incident, to repeat the excited utterances which he had heard. It was thus unnecessary for the state to have complied with section 90.803(23).[1]
Appellant was charged with violating section 787.03(1), Florida Statutes (1995) which provides:
Whoever, without lawful authority, knowingly or recklessly takes or entices, or aids, abets, hires, or otherwise procures another to take or entice, any child 17 years of age or under or any incompetent person from the custody of his parent ... shall be guilty of a felony of the third degree.
He argues that the statute is void for vagueness because it does not define “entice.” The state responds that in the absence of a definition, the plain meaning of a word can be ascertained by referring to a dictionary. State v. Hodges, 614 So.2d 653 (Fla. 5th DCA 1993). Black’s Law Dictionary defines “entice” as:
To wrongfully solicit, persuade, procure, allure, attract, draw by blandishment, coax or seduce. To lure, induce, tempt, incite, or persuade a person to do a thing ... Enticement of a child is inviting, persuading or attempting to persuade a child to enter any vehicle, building, room or secluded place with intent to commit an unlawful sexual act upon or with the person of said child.
The court instructed the jury as to the meaning of entice by using the above definition.
We agree with the state that the statute is not vague, and that the court did not err in instructing the jury by the use of Black’s definition. The word “entice” is specific enough to give persons of common intelligence and understanding an adequate warning. Trushin v. State, 425 So.2d 1126 (Fla.1982).
*1223 We have considered the other issues raised by appellant and find them to be without merit.
Affirmed.
SHAHOOD and GROSS, JJ., concur.

. In the trial court the state, apparently assuming that it had to comply with section 90.803(23), requiring ten days notice, did notify the defendant, but not until the day of trial. If the statements had not qualified as excited utterances, and the defendant was prejudiced, we would have reversed.