763 So.2d 549 (2000)
Kirt EDWARDS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3106.
District Court of Appeal of Florida, Third District.
August 2, 2000.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before COPE, GERSTEN and FLETCHER, JJ.
COPE, J.
Kirt Edwards appeals his convictions and sentences for driving under the influence with serious bodily injury, two counts of driving under the influence with personal injury, and two counts of driving under the influence with property damage. We affirm the convictions but on the State's concession, reverse the sentencing orders and remand for resentencing.
Defendant-appellant Edwards contends that the trial court erred by admitting into evidence an excited utterance made by a bystander at the accident scene. We conclude that the statement qualified as an excited utterance and find no error.
The accident in this case occurred on U.S. 1 near Long Key. Motorist Devin Bergman stopped immediately after the accident to render assistance. Within ten minutes, he encountered a young woman who was upset, fidgety, and distraught. *550 She was gesticulating and talking with panic in her voice. Over objection, Bergman testified that the young woman said, referring to the defendant, "We were at this party together. He was drunk and we told him not to drive." Defendant contends that this statement should not have been allowed in evidence.
The Florida Supreme Court has said:
The essential elements necessary to fall within the excited utterance exception are that (1) there must be an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must be made while the person is under the stress of excitement caused by the event.
The spontaneous statement exception and the excited utterance exception often overlap. However, as noted by Professor Ehrhardt:
The two exceptions differ mainly in the amount of time that may lapse between the event and the statement describing the event. Under Section 90.803(2) [excited utterance] it is not necessary that there be contemporaneity between the event and the statement. As long as the excited state of mind is present when the statement is made, the statement is admissible if it meets the other requirements of Section 90.803(2). This excited state may exist a substantial length of time after the event. Factors that the trial judge can consider in determining whether the necessary state of stress or excitement is present are the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event and the subject matter of the statements. Whether the necessary state of mind is present is a preliminary fact for the court to determine pursuant to Section 90.104. If a person involved in an automobile accident is rendered unconscious, a statement made a number of days after the accident when he or she regains consciousness can be admitted as an excited utterance if it was made while the person was excited about the accident. Under Section 90.803(2) [excited utterance] the statement must only "relate" to the event causing the excitement; Section 90.803(1) [spontaneous statement] is limited to statements which "describe or explain" the event.
1 C. Ehrhardt, Florida Evidence § 803.2 at 473-74 (2d ed.1984) (footnotes omitted).
State v. Jano, 524 So.2d 660, 661-62 (Fla. 1988) (emphasis added; citation omitted).
Defendant argues that the young woman's statement did not qualify for admission into evidence because she was not describing the accident or accident scene, but instead was describing events occurring at a party prior to the accident. As the Jano decision (and Professor Ehrhardt) demonstrate, this argument confuses an excited utterance and a spontaneous statement. The excited utterance "must only `relate' to the event causing the excitement...." 524 So.2d at 661-62. Here the young woman, upon observing this very serious automobile accident, said that she had been at a party with the defendant. "He was drunk and we told him not to drive." The young woman's statement sufficiently "relates" to the event causing the excitement, namely, the serious automobile accident.
Defendant also argues that there was an inadequate predicate. Bergman testified that he had this conversation with the young woman within ten minutes after the accident. Defendant argues that since the young woman's statement referred to the party she had attended with the defendant, it follows that in order to lay a proper predicate, the State had to establish how long it had been since the defendant and the young woman left the party. We disagree. The relevant question was *551 whether the statement was made "while the person is under the stress of excitement caused by the event," 524 So.2d at 661, and the relevant event was the automobile accident. There was a proper predicate. The admission of this excited utterance into evidence was within the discretion of the trial court.
The State concedes that there must be a new sentencing proceeding. The defendant was sentenced under the 1995 guidelines. While this appeal was pending, the Florida Supreme Court held those guidelines to be unconstitutional. See Trapp v. State, 760 So.2d 924 (Fla.2000); Heggs v. State, 759 So.2d 620 (Fla.2000). Since defendant's offense date of April 27, 1996, fell within the window period for such a challenge, the State acknowledges that the defendant is entitled to be resentenced under the guidelines in effect before the enactment of chapter 95-184, Laws of Florida.
Affirmed in part, reversed in part, and remanded for resentencing.