KAHN, J.,
dissenting.
In this criminal appeal, we should reverse and remand for a new trial because the trial court improperly admitted, over appellant’s objection, hearsay evidence. As the result of an incident that occurred between appellant and his longtime girlfriend, Joanne Bonner, appellant was charged with several crimes and eventually convicted of two misdemeanors. During the trial, Officer Aldridge, a Pensacola police officer, was allowed to testify to Bonner’s version of the events, as related to the officer by Bonner. This was error.
During the State’s case, when the prosecutor asked the officer what he was told by Bonner, the defense immediately interposed a hearsay objection that the trial court sustained. The prosecutor then stated that the evidence should come in as “an excited utterance.” Without further proceedings, the trial court stated, “It could be. It could be. I’ll take and overrule the objection.” The officer then proceeded to explain the events related by Bonner, including appellant’s arrival at her house, appellant’s possession of a knife, and appellant’s aggression toward Bonner.
Florida recognizes an exception to the hearsay rule for an excited utterance. The Florida Evidence Code describes the exception as a “statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.” § 90.803(2), Fla. Stat. (1999). “An excited utterance is admissible as an exception to the hearsay rule because the declarant does not have the reflective capacity necessary for conscious misrepresentation. Thus, statements made by someone who is excited are spontaneous and have sufficient guarantees of truthfulness.” Rogers v. State, 660 So.2d 237, 240 (Fla.1995). The mere fact of excitement, however, is not the sine qua non of an excited utterance. As the supreme court has explained:
The essential elements necessary to fall within the excited utterance exception are that (1) there must be an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must be made while the person is under the stress of excitement caused by the event.
State v. Jano, 524 So.2d 660, 661 (Fla.1988). Passage of time alone will not defeat admissibility, provided the statement meets the criteria for an excited utterance. See id. Generally speaking, however, where the time interval between the event and the statement is sufficient to permit reflection by the declarant, the court should exclude the statement in the absence of some proof that the declarant did not in fact engage in such a reflective thought process. See id. Whether the necessary state of mind is present is a preliminary question of fact for the trial court to determine. See id.
In this case, Officer Aldridge appeared as the first State witness. The State made a scarce attempt to lay a predicate concerning Bonner’s state of mind when she made the statements to the officer, although Bonner later testified that after the incident with appellant, she managed to calm appellant down and then call the police. Before providing the objectionable testimony, Officer Aldridge noted that Bonner’s living room was in disarray and that Bonner had some “scrapes or scratches” on one of her shoulders. When asked about Bonner’s emotional state, Officer Al-dridge replied, “She was upset. She wanted him out of there.” This was not a sufficient predicate because the testimony given by Officer Aldridge did not address the factors adopted by the supreme court in Jano. Accepting that Bonner was upset, the trial court should not have concluded, without further showing, that Bonner was under the stress of excitement caused by the event in question or that her statements to the officer were made before there was time to contrive or misrepresent. The state/nent that Bonner wanted *421 appellant out is, if anything, evidence of purposeful reflection, rather than lack thereof.
Having examined the entire record, I conclude that the error in admitting Officer Aldridge’s testimony was not harmless. I would REVERSE the convictions and REMAND for a new trial.