880 So.2d 1287 (2004)
Anthony Bernard WILSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3345.
District Court of Appeal of Florida, Third District.
September 9, 2004.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
*1288 Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and WELLS[*], JJ.

On Motion for Rehearing Granted
RAMIREZ, J.
We grant the State's Motion for Rehearing, withdraw our prior opinion rendered November 12, 2003, and substitute this opinion in its stead because we conclude, upon further review, that the prosecution's question to the defendant on cross-examination whether all of the other witnesses, whose version of events differed from the defendant's were lying and conspiring against him, was harmless error.
The jury convicted appellant Anthony Bernard Wilson of attempted first degree murder and burglary with a battery while armed with a knife, in connection with the stabbing of Antron Pope inside Pope's home. Wilson had also been charged, but was acquitted, of aggravated stalking of Pope and of his girlfriend, Shirley Bertrand. Wilson's theory was self defense, that he had gone to Pope's home to talk, but Pope came at him with a knife. It was undisputed, however, that Pope suffered multiple stab wounds, several on the back of his head, his arm, shoulder, and abdomen. Several of these wounds were serious enough to have caused death if they had not been promptly treated and all of them needed to be sutured.
After Wilson had denied on cross examination that he had ever harassed or threatened his ex-girlfriend and the victim or that he wanted to reunite with her, the inappropriate questioning included:
Q: You sat there the whole time and listened to what everybody said?
A: Yes.
Q: You heard what Kia said. That you were harassing Shirley, you were coming by constantly and wouldn't go away?
A: I heard everything.
Q: You heard what Dakeidra said, you were coming to the house and you were harassing Shirley and wanted Shirley back. You heard that?
A: Yes.
Q: You heard Antron's testimony, yes?
A: Yes.
Q: And you heard today, Shirley's own mother come in here and testify about how you were threatening her daughter and how you were threatening Antron. But they're all lying?
DEFENSE COUNSEL: Objection. He has to be here during trial.
THE COURT: No speaking objection. Objection overruled. Talk about it sidebar. Continue.
DEFENSE COUNSEL: May I have a sidebar? It is improper to ask one witness
THE COURT: Stop, stop. That is a speaking objection.[1]

*1289 Q: Do you believe that all these witnesses are conspiring against you?
A: Well
Q: That's what you think, this is a big conspiracy? You've got the officer. You've got Shirley's mother. You've got Shirley's friend. You got Antron, the ex-boyfriend. You got everybody coming in here saying the same thing, but it is because they are conspiring against you?
DEFENSE COUNSEL: Objection. That is argumentative.
THE COURT: Overruled.
Q: Yes or no, are they conspiring against you?
A: Yes.
We agree with Wilson that the prosecution's questions were improper. In Whitfield v. State, 549 So.2d 1202 (Fla. 3d DCA 1989), we stated that "[i]n a criminal prosecution, it is improper cross examination to ask a witness if another witness (who had previously testified) `was lying.'" We are not impressed by the State's argument on appeal that we should draw a distinction between "lying" and "conspiring."
Such an error, however, is subject to a harmless error analysis. See Knowles v. State, 632 So.2d 62, 65-66 (Fla.1993). We thus conclude that the prosecution's isolated questions were questions that do not warrant reversal as they were harmless beyond a reasonable doubt. This conspiracy of witnesses against Wilson was not mentioned during the State's closing argument. The questions cannot possibly vitiate the entire eight-day trial, and they did not change the physical evidence of multiple stab wounds suffered by Pope. Furthermore, the context of the questions followed other questions concerning the harassing and threatening of Pope and his girlfriend Shirley, which went more to the charges of stalking, for which Wilson was acquitted.
We also find no merit in Wilson's argument that the trial court improperly admitted a substantial amount of hearsay testimony. A great deal of this testimony was admitted without objection. Much of it was properly admitted as excited utterances or state of mind exceptions to the hearsay rule. We thus find no abuse of discretion in these evidentiary rulings.
Affirmed.
NOTES
[*] Judge Wells did not participate in oral argument.
[1] The State argues the objection did not sufficiently apprize the trial court of the grounds of the objection. It is proper for the court to require counsel to state the legal grounds for the objection without making a "speaking objection." We hold that the efforts by defense counsel were sufficient by objecting, with the trial court cutting him off, followed by a request for a side-bar, which the trial court did not grant. We note, however, that defense counsel should have stated "improper cross examination," or some similar objection, without attempting to make a speech, which the trial court properly cut off.