STEVENSON, C.J.
Appellant, Kevin Beck, challenges the trial court’s order revoking his probation based on allegations that he battered his wife. Our review of the record indicates the revocation was based solely on uncorroborated hearsay; therefore, we reverse.
Shortly after being placed on probation for a separate offense, Beck had an altercation with his wife, which resulted in her calling 911. The wife told the 911 dispatcher that Beck hit her and she fled the house and that she initially called the police number for non-emergencies. The wife said she did not require medical assistance, but wanted police dispatched to her location because she was scared Beck would “come after” her. The responding officer testified that the wife was crying, hyperventilating, and smelled of alcohol and that she told him Beck pulled her hair, hit the top of her head, and injured her face by “whippfing] his cell phone at her.” The evidence at the revocation hearing included the police officer’s testimony regarding his observations of the wife and her residence, statements the wife purportedly gave to the officer, a tape of the wife’s 911 call, photographs of the scene, and the wife’s written statement to police. *823 The trial court never ruled whether the 911 tape was admitted pursuant to an exception to the hearsay rule, but found that the State had satisfied its burden of proof based on the wife’s statements and the responding officer’s testimony.
We begin our analysis by recognizing that “[hjearsay, though admissible in a probation revocation hearing, is insufficient standing alone to establish a violation of a condition of probation.” Wilcox v. State, 770 So.2d 733, 736 (Fla. 4th DCA 2000). Here, the State argues that the 911 call was admissible under section 90.803(2), Florida Statutes, as an excited utterance. For a statement to be admissible as an excited utterance:
(1) the declarant must have experienced or witnessed an event startling enough to cause nervous excitement; (2) the statement must have been made while under the stress of excitement caused by the startling event; and (3) the statement must have been made before there was time to contrive or misrepresent.
Evans v. State, 838 So.2d 1090, 1093 (Fla.2002). The admissibility of an excited utterance is based on the premise that “the declarant does not have the reflective capacity necessary for conscious misrepresentation.” Rogers v. State, 660 So.2d 237, 240 (Fla.1995). Accordingly, “[wjhile an excited utterance need not be contemporaneous to the event, it must be made while the declarant is under the stress of the startling event and without time for reflection.” Hutchinson v. State, 882 So.2d 943, 951 (Fla.2004). Factors to consider when deciding if a statement qualifies as an excited utterance are “the age of the declar-ant, the physical and mental condition of the declarant, the characteristics of the event and the subject matter of the statements.” State v. Jano, 524 So.2d 660, 661 (Fla.1988).
Here, the fight began at 9:30 p.m. and the 911 call was made at 10:48 p.m. Even should we consider this a relatively short time period, the State must establish that the victim did not engage in reflective thought. As the supreme court explained in Jano, “ ‘where the time interval between the event and the statement is long enough to permit reflective thought, the statement will be excluded in the absence of some proof that the declarant did not in fact engage in a reflective thought process.’ ” Id. (quoting Edward W. Cleary, McCormick on Evidence § 297, at 856 (3d ed.1984)). More recently, in Hutchinson, the supreme court held that the victim’s statement to a friend, which was made within thirty minutes of a fight, could not qualify as an excited utterance because the State failed to prove the victim did not engage in reflective thought. 882 So.2d at 951-52. Further, the court remarked that “[wjithout more information, we can only speculate as to whether [the declarant] engaged in reflective thought. However, this was a long enough time interval [thirty minutes] to permit reflective thought.” Id. at 951. Here, the victim called the non-emergency police number even before she dialed 911, a fact which would certainly suggest the opportunity to engage in reflective thought.
The victim’s emotional state when speaking to the officer does not alter our conclusion. See Mariano v. State, 933 So.2d 111, 116-17 (Fla. 4th DCA 2006) (holding that a statement given by a hysterical and crying declarant between thirty and ninety minutes after a startling event was not admissible as an excited utterance because the declarant spoke in a narrative form and the State failed to prove reflective thought did not occur). In the instant case, the State failed to secure a ruling from the trial court that the victim’s hearsay statements were admitted under an exception to the hearsay rule and our review of the record does not lead us to the conclusion that those statements qualify as excited utterances.
*824 Furthermore, although the wife’s physical appearance and the appearance of her residence suggest a battery occurred, the officer acknowledged the “irritated spot” on the top of the wife’s head “could have been anything.” The officer also admitted there was no blood on the cell phone to corroborate the victim’s story that the abrasion on her face was caused by Beck hitting her with the item. The officer’s observations were consequently insufficient to connect Beck to the alleged battery and this case is therefore analogous to Santiago v. State, 889 So.2d 200 (Fla. 4th DCA 2004). In Santiago, we held that the trial court erred in revoking the appellant’s community control because the evidence, i.e., the deputy’s observing red marks on the victim’s face, a taped statement by the victim, and second-hand statements, was insufficient to prove Santiago committed a battery. Id. at 202-03; see also Colwell v. State, 838 So.2d 670 (Fla. 2d DCA 2003) (holding the trial court erred in finding that a battery occurred when the only evidence presented was the responding deputy’s testimony that the intoxicated and hysterical victim had a red mark on her neck and said Colwell grabbed her).
In light of the foregoing, we conclude that only uncorroborated hearsay testimony supported the finding that Beck committed battery on his wife and thus violated his probation. We consequently reverse the trial court’s order and remand with instructions to reinstate appellant’s probation.

Reversed and remanded with instructions.

STONE and POLEN, JJ., concur.