947 So.2d 552 (2006)
Aaron Edward STRONG, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1175.
District Court of Appeal of Florida, Third District.
December 27, 2006.
Rehearing Denied January 29, 2007.
*553 Bennett H. Brummer, Public Defender, and Valerie Jonas, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before FLETCHER and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The defendant, Aaron Strong ("Strong"), was convicted of manslaughter and false imprisonment. He appeals his conviction and contends that the trial court erred by admitting into evidence a statement made by the victim. The statement at issue was a hearsay statement made by the victim, Grace Brown Strong ("Mrs. Strong"), who was the defendant's spouse, to Officer Valdes approximately five to eight hours *554 after Mrs. Strong sustained an injury that rendered her quadriplegic.[1] Over a year after sustaining the injury, Mrs. Strong died of complications from quadriplegia.
Mrs. Strong's statement was seventeen minutes in length and was the most detailed evidence in support of the State's theory of the case. Although clearly hearsay, the State argued and the trial court agreed that the statement was an excited utterance, and thus, an exception to the prohibition on the admission of hearsay statements.[2]See § 90.803(2), Fla. Stat. (2005). The standard of review on appeal of an evidentiary ruling is abuse of discretion. Carpenter v. State, 785 So.2d 1182, 1201 (Fla.2001); Wilson v. State, 880 So.2d 1287, 1289 (Fla. 3d DCA 2004).
The Florida Evidence Code, codified in chapter 90 of the Florida Statutes, defines an excited utterance as "a statement or excited utterance relating to a startling event or condition made while the declarant is still under the stress of excitement caused by the event or condition." § 90.803(2), Fla. Stat. Excited utterances are admissible because they contain sufficient guarantees of trustworthiness in that "the declarant does not have the reflective capacity necessary for conscious misrepresentation" while in a state of excitement. Rogers v. State, 660 So.2d 237, 240 (Fla.1995)(citing Charles W. Erhardt, Florida Evidence § 803.2 (1994 ed.)). For a statement to constitute an excited utterance, the Florida Supreme Court has stated that "(1) there must be an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must be made while the person is under the stress of excitement caused by the event." State v. Jano, 524 So.2d 660, 661 (Fla.1988)(citing Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982)).
The statutory language setting forth the excited utterance exception does not contain a temporal requirement. Compare § 90.803(2), Fla. Stat. with § 90.803(1), Fla. Stat. (requiring that a spontaneous statement be made while perceiving the event or immediately thereafter). Thus, courts have recognized that there is no bright-line test for how much time can pass before a statement can no longer be considered an excited utterance. Jano, 524 So.2d at 663. Instead, the amount of time that has passed between the event causing the excitement and the making of the statement is indicative of whether the victim was still under the stress of the event at the time the statement was made, such that the declarant's excited state prevented the declarant from engaging in reflective thought. Id. at 662 (citations omitted). "Where the time interval between the event and the statement *555 is long enough to permit reflective thought, the statement will be excluded in the absence of some proof that the declarant did not engage in a reflective thought process." Id.; see also Rogers, 660 So.2d at 240 ("Although there conceivably was time for [the declarant] to engage in reflective thought, the record indicates that [the declarant] did not engage in any reflection."). It is the State's burden to show that the time that elapsed was "sufficiently short" to prevent reflective thought. Jano, 524 So.2d at 663; Hutchinson v. State, 882 So.2d 943, 951-52 (Fla.2004)("Absent some evidence that [the declarant] did not engage in reflective thought, the statement . . . must be excluded."); Stoll v. State, 762 So.2d 870, 873-74 (Fla.2000)(holding that the State failed in fulfilling its burden of showing that "the time period was such that [the declarant] did not have time for reflective thought").
Here, the State did not satisfy its burden. Clearly, sufficient time, at least four to five hours, elapsed for Mrs. Strong to have engaged in reflective thought. Depending on which party's theory of the case is accepted, the statement was made five to eight hours after Mrs. Strong sustained her injury. Even if that time is discounted for the time the State contends Mrs. Strong was left lying helpless on the floor of her home, there still remains almost a four hour gap between the time Fire Rescue arrived at her home and the time Mrs. Strong made her statement to Officer Valdes. Cf. Laflipe v. State, 888 So.2d 104, 105 (Fla. 3d DCA 2004)(upholding the admission of a statement as an excited utterance because "[a]lthough there was no definitive time regarding when [the victim] was shot and when he arrived at his home, he was still in an excited state after being shot where blood was coming out of his wound, he was moaning in pain, and he told his sister . . . within minutes of coming home, the identity of his shooter.")
During those four hours, Mrs. Strong was in contact with at least two Fire Rescue paramedics, one nurse, and one resident doctor. The record also indicates that Mrs. Strong may have spoken with the defendant after arriving at the hospital and before giving her statement to Officer Valdes. Although we render no opinion as to the truth of Mrs. Strong's statement to Officer Valdes, we must recognize that the facts surrounding her statement allowed her the opportunity to overhear what was being said about her injury and to reflect on what she would say. See Hamilton v. State, 547 So.2d 630, 633 (Fla.1989)(excluding statement of two-year old child as to how his family members were shot because statement was made two and one half hours after the shootings and the child had "ample opportunity while at the scene of the shootings to overhear deputies, investigators, and several other people state that opinion").
Because sufficient time elapsed for Mrs. Strong to have engaged in reflective thought, the State had the burden to prove that she did not actually engage in reflective thought. Mariano v. State, 933 So.2d 111, 117 (Fla. 4th DCA 2006)("Applying the rule of Jano, the interval between the event and the statement to [the witness] was long enough to permit reflective thought. Thus, the statement is inadmissible unless there is evidence that reflective thought did not occur.")(emphasis in original).
During its proffer on the admissibility of the excited utterance, the State's position was that Mrs. Strong's paraplegic condition prevented her from engaging in reflective thought. While we recognize Mrs. Strong's paraplegic condition at the time she made the statement, we cannot find *556 this to be a case where Mrs. Strong's physical condition alone would prevent her from engaging in reflective thought. See Blandenburg v. State, 890 So.2d 267, 270 (Fla. 1st DCA 2004)(recognizing that the "common thread" in cases admitting statements made "well after" the event is that "at the time of the statement, the declarants were either hysterical, severely injured, or subject to some other extreme emotional state sufficient to prevent reflective thought"). In dicta, the Florida Supreme Court has recognized that a person rendered unconscious may make a statement days after the event that rendered them unconscious and the statement may still be an excited utterance. Jano, 524 So.2d at 661.
Here, the State put forth no evidence to demonstrate that Mrs. Strong's physical condition prevented her from explaining what happened prior to her conversation with Officer Valdes or from engaging in reflective thought. Instead, the testimony of an emergency room doctor who treated Mrs. Strong prior to Officer Valdes' arrival makes clear that Mrs. Strong was able to speak to him about her condition.
Further, the State's testimony did not support its position that Mrs. Strong was still in an excited state at the time she made the statement. See Edmond v. State, 559 So.2d 85, 86 (Fla. 3d DCA 1990)(admitting statement as excited utterance where statement was made two to three hours after the event and the evidence showed that the child "was excited, perhaps even hysterical" at the time he made the statement). To the contrary, on cross-examination, Officer Valdes was asked whether she would consider "finding out that you can't move your arms and legs a pretty traumatic experience" and she responded that she would not consider it traumatic.
The only evidence of Mrs. Strong's state of mind was Officer Valdes' description that Mrs. Strong was crying while giving her statement and had to pause to compose herself. Cf. Bell v. State, 847 So.2d 558, 561 (Fla. 3d DCA 2003)(finding excited utterance where officer testified that victim remained hysterical while making a statement fifty minutes after the event as evidenced by the victim looking outside to make sure the defendant was not there and the victim being so upset she could not speak). Florida law is clear that the fact that a declarant becomes excited while making the statement is insufficient to transform the statement into an excited utterance. See Mariano, 933 So.2d at 117 ("The mere fact that [the victim] was still upset and crying is not sufficient to show that reflective thought has not occurred."); Blandenburg, 890 So.2d at 270 ("After reviewing the record in this case, we conclude that the State went no further than showing that both [declarants] were excited when they spoke with [the police officer]."); Charlot v. State, 679 So.2d 844, 845 (Fla. 4th DCA 1996)("A statement as to what occurred does not become admissible merely because the victim is still in an excited state.").
Further, a review of Officer Valdes' testimony at trial indicates that Mrs. Strong made her statement in response to the officer's questioning. Contrary to the State's contention that Mrs. Strong spontaneously poured out her story to the first person who would listen to her, Officer Valdes testified that in response to her questioning, Mrs. Strong gave a chronological description of the events of the night, beginning with her husband's arrival at home that night, the argument that occurred, and her husband's alleged violent reaction.
Statements made in response to police questioning are, by definition, not *557 excited utterances. J.A.S. v. State, 920 So.2d 759, 763 (Fla. 2d DCA 2006); Blandenburg, 890 So.2d at 272; Lyles v. State, 412 So.2d 458, 460 (Fla. 2d DCA 1982). Similarly, a statement "in the form of a narrative of the events in and of itself indicates that the victim is reflecting upon the events of the evening." Mariano, 933 So.2d at 117. The record does not support the State's position that this is "a case in which the victim blurted out the details of the traumatic event without prompting." J.A.S., 920 So.2d at 763; cf. Rivera v. State, 718 So.2d 856, 857 (Fla. 4th DCA 1998)(finding statement an excited utterance where officer testified that he approached the scene of an altercation to find the victim holding her torn dress, screaming, waving her hands, crying, and asking the officer to keep the defendant away from her.)
Thus, we find the trial court abused its discretion by admitting Mrs. Strong's seventeen minute statement as an excited utterance without sufficient proof that the statement met the criteria for an excited utterance. Because we find the trial court erred, the burden is on the State to prove the error was harmless. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
After reviewing the record in its entirety, we find Officer Valdes' testimony was perhaps the State's strongest evidence. Although two other witnesses testified that Mrs. Strong described her injury as occurring when her legs were flipped behind her head and she heard a popping noise, they gave no further explanation as to how or why the injury occurred. Mariano, 933 So.2d at 117 (holding admission of statement was not harmless error where statement went beyond what other witnesses testified about). Indeed, Officer Valdes was the only witness to link Mrs. Strong's description of how she was injured to the defendant and was the only witness to explain that the injury resulted from an alleged sexual battery. Officer Valdes' testimony was especially important as Strong testified to his account of how Mrs. Strong injured herself. Additionally, the two medical examiners who testified differed in their opinion of how Mrs. Strong was injured, one finding Mrs. Strong's version to be most consistent with her injury and the other finding Strong's version most consistent with the injury. Because we cannot find beyond a reasonable doubt that the jury was not affected by the admission of Mrs. Strong's statement, we must reverse the defendant's convictions and remand for a new trial. DiGuilio, 491 So.2d at 1139 ("If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful.").
Reversed and remanded.
NOTES
[1] The State's theory behind Mrs. Strong's injury was that Strong broke Mrs. Strong's spine when he flipped her legs behind her head in an attempt to engage in non-consensual sex with her. The defense's theory was that Mrs. Strong's spine broke when she tripped over and hit her head on a metal chair while under the influence of cocaine, marijuana, and alcohol.
[2] In addition to arguing that Mrs. Strong's statement constituted an excited utterance, the State also argued, and the trial court agreed, that Mrs. Strong's statement was admissible as a first complaint of sexual battery. However, if admissible under this theory, only the fact that the statement was made, and not the content of the statement, is admissible. See Burgess v. State, 644 So.2d 589, 591 (Fla. 4th DCA 1994)(citing Ellis v. State, 25 Fla. 702, 6 So. 768 (1889)). Thus, even if the statement was admissible under this theory, the trial court erred by allowing Officer Valdes to testify about the details of the statement. For reasons explained below, this error was not harmless.