979 So.2d 1097 (2008)
David YOUNG, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-374.
District Court of Appeal of Florida, Third District.
April 9, 2008.
*1098 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Magaly Rodriguez and William J. Selinger, Assistant Attorneys General, for appellee.
Before COPE and GREEN, JJ., and SCHWARTZ, Senior Judge.
COPE, J.
David Young appeals his conviction for burglary.[1] He contends that the trial court erred by overruling a defense hearsay objection and allowing testimony under the excited utterance exception to the hearsay rule. We conclude that no error has been shown.
At 2:00 a.m. on the crime date, defendant-appellant Young went to an apartment where his ex-girlfriend resided. He pounded on the windows and door. The ex-girlfriend opened the door and the defendant entered.
After the defendant was inside, he struck the ex-girlfriend, causing visible injuries to her face and lip; threw himself on another occupant of the home, who was visibly pregnant; and attacked a male occupant of the home with a pitcher. There was a resulting fight at the end of which the defendant and the male occupant were bloody. The fight was broken up only by the arrival of the police.
Under the State's theory of the case, the defendant committed the crime of burglary by making a nonconsensual entry into the apartment with the intent to commit an offense therein. See § 810.02(1)(a), Fla. Stat. (2005). To establish nonconsensual entry the State relied on the excited utterance of the ex-girlfriend that when she opened the door, the defendant barged in.
The ex-girlfriend did not testify at trial. One of the police officers who came to the apartment in response to a call for emergency assistance interviewed the ex-girlfriend after the fight was broken up. The officer testified that the ex-girlfriend "was crying, she was shaking, she was upset, visibly upset." The officer said that the ex-girlfriend appeared to be under the stress of the event that had occurred.
When the officer was asked what the ex-girlfriend told him, the defense objected and a sidebar conference followed. Defense counsel said, "I would object basically *1099 based on the fact that they haven't established a time frame, so we have no idea how long afterwards this really was." The State responded that "under the case law there is no specific time period. I have no problem asking another question that would establish this was a recent event."
After the sidebar, the State then asked, "from the time that the 315 emergency backup call was issued over the radio to the time that you arrived, approximately how much time elapsed?" The officer replied, "Approximately four to five minutes." Defense counsel said, "I renew my objection for the record." The court overruled the objection and the officer went on to testify that when the ex-girlfriend opened the door to see who was at the door, the defendant barged in.
"A trial court's ruling on the admissibility of evidence will not be disturbed absent an abuse of discretion." Alston v. State, 723 So.2d 148, 156 (Fla.1998); see also Williams v. State, 967 So.2d 735 (Fla. 2007).
Under the Evidence Code, an excited utterance is "[a] statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." § 90.803(2), Fla. Stat. (2005).
The essential elements of the excited utterance hearsay exception are "(1) there must be an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must be made while the person is under the stress of excitement caused by the event." State v. Jano, 524 So.2d 660, 661 (Fla.1988).
"[T]here is no bright-line test for how much time can pass before a statement can no longer be considered an excited utterance." Strong v. State, 947 So.2d 552, 554 (Fla. 3d DCA 2006) (citing Jano, 524 So.2d at 663). In this case the only defense objection was that the State had failed to establish the time frame between the end of the incident and the officer's encounter with the ex-girlfriend. The State cured this deficiency by establishing that the time frame was approximately four to five minutes. There is nothing facially impermissible about a four to five minute time frame. Instead, the Jano decision calls for a consideration of several factors, see 524 So.2d at 661-62, of which the time delay is one factor to be considered.
On this appeal the defendant contends that the ex-girlfriend had time to engage in reflective thought, see id. at 662, and that the objection should have been sustained. As no such argument was made in the trial court, the point is not preserved for appellate review. "[A]n objection must be sufficiently specific both to apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." Castor v. State, 365 So.2d 701, 703 (Fla.1978); see also Charles W. Ehrhardt, Florida Evidence § 104.2 (2007).
Affirmed.
NOTES
[1] Young was also convicted of one count of simple battery. He does not challenge that conviction on this appeal.