PARIENTE, J.,
concurring in result only.
I agree with the majority’s decision to affirm Hojan’s convictions and death sentences. I concur in result only because of my concerns regarding the majority’s treatment of the merits of the excited utterance issue and its harmless error analysis. I thus write to address the issue of whether the victim’s responses to police questioning constitute excited utterances and emphasize that the harmless error test is not one based on whether there is “overwhelming” evidence.
The objectionable statements were the victim’s responses to leading questions by police during an interrogation. Although the majority states that we have “previously found statements given in question-and-answer exchanges by officers under similarly stressful statements to be excited utterances,” citing to Henyard v. State, 689 So.2d 239 (Fla.1996), Henyard involved a very different set of circumstances where there was no indication that there was an interrogation as here:
When the officer arrived, he found Ms. Lewis, who was hysterical but coherent. At trial, the officer was permitted to recount statements Ms. Lewis made to him on the front porch immediately after his arrival. The police officer testified that Ms. Lewis told him she had been raped and shot, identified her assailants as two young black males who fit the description of Henyard and Smalls, and said they had taken her children. Given these circumstances, we find that Ms. Lewis was still experiencing the trauma of the events she had just survived when she spoke to the officer and her statements were properly admitted under the excited utterance exception to the hearsay rule.
Id. at 251.
As the district courts of appeal have observed, “[statements made in response *1220 to police questioning are, by definition, not excited utterances.” Strong v. State, 947 So.2d 552, 556-57 (Fla. 3d DCA 2006); see also J.A.S. v. State, 920 So.2d 759, 763 (Fla. 2d DCA 2006); Blandenburg v. State, 890 So.2d 267, 272 (Fla. 1st DCA 2004). That is because for the most part answers to an interrogation require reflection. Here, the transcript reflects that Officer Donnelly conducted an interrogation while the victim was in an emergency vehicle after being shot. Certainly the victim would have been under the stress of having been shot, but the responses at issue were elicited during a series of questions concerning the identity and role of the participants in the crime, and the responses were one-word responses consisting of “Yeah,” “Uh-huh,” and “the Mexican.”
I concur with the result reached by the majority, however, because I agree with the bottom line that the admission of this testimony was harmless error beyond a reasonable doubt. Yet, it is always helpful to remember that the harmless error test is not one of “overwhelming” evidence:
The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful. This rather truncated summary is not comprehensive but it does serve to warn of the more common errors which must be avoided.
DiGuilio, 491 So.2d at 1139.
In this case, when considering the brief reference to “the Mexican” as the shooter, compared with the other admissible and essentially identical testimony about the victim’s identification of the defendant as the shooter, together with the defendant’s own confession, it is clear that the error in this case was harmless beyond a reasonable doubt because there is no reasonable possibility that the admission of this evidence affected the jury’s verdict as to Ho-jan’s guilt.
QUINCE, C.J., concurs.