# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**LEJUNE NEISON CHRISTIE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-355

[June 30, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kathleen McHugh, Judge; L.T. Case Nos. 18-007847 MM10A and 19-51 AC10A.

Gordon Weekes, Public Defender, and Sarah W. Sandler, Assistant Public Defender, Fort Lauderdale, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

*Affirmed.*

CIKLIN and KLINGENSMITH, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I dissent. In the trial of this domestic violence offense, a litany of evidentiary rulings were erroneous. The court allowed a 911 call into evidence, when it did not constitute an excited utterance because the State failed to show that the victim who made the call did not engage in reflective thought. *See State v. Jano*, 524 So. 2d 660, 661–62 (Fla. 1988). The court erred in allowing an officer to testify that her interviews of other witnesses who did not testify were consistent with the victim's testimony, thus providing inferential hearsay, defeating appellant's Sixth Amendment right to confront witnesses against him. *See Postell v. State*, 398 So. 2d 851, 854 (Fla. 3d DCA 1981). In addition, the court allowed the investigating

officer to bolster her testimony on redirect. The officer stated that if she thought she had been given false statements, she would not have submitted the case to the State Attorney's Office. Further, she testified that in her twenty-five years of policing, she would not move forward with an arrest unless she felt it was warranted. Her "integrity [wa]s entirely too high" to put her name on a probable cause affidavit unless she thought her investigation warranted it. These statements amount to improper bolstering and commenting on the guilt of the defendant. *See, e.g.*, *Martinez v. State*, 761 So. 2d 1074, 1080 (Fla. 2000) ("[w]hen a police officer, who is generally regarded by the jury as disinterested and objective and therefore highly credible, is the corroborating witness, the danger of improperly influencing the jury becomes particularly grave." (quoting *Rodriguez v. State*, 609 So. 2d 493, 500 (Fla. 1992))). The door was not opened on cross-examination by the defense probing the extent of the officer's investigation of the case. I cannot find that the cumulative effect of these rulings was harmless beyond a reasonable doubt. Therefore, a new trial is warranted.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2