# Third District Court of Appeal

## State of Florida

Opinion filed July 3, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1836
Lower Tribunal No. M19-4397

_____

**Michael Anthony Arcamone,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Betsy Alvarez-Zane, Judge.

Carlos J. Martinez, Public Defender, and Nicholas A. Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

Appellant Michael Anthony Arcamone challenges both his conviction for misdemeanor battery and that portion of the resulting sentence imposing a fifty-five-dollar monthly fee for supervision of his probation. Finding no abuse of discretion in the trial court's admission into evidence of the investigating officer's body-camera video of the officer's interview with the victim, we affirm Arcamone's conviction. See State v. Jano, 524 So. 2d 660, 661 (Fla. 1988) ("The essential elements necessary to fall within the excited utterance exception are that (1) there must be an event startling enough to cause nervous excitement; (2) the statement must have been made before there was time to contrive or misrepresent; and (3) the statement must be made while the person is under the stress of excitement caused by the event."); Young v. State, 979 So. 2d 1097, 1099 (Fla. 3rd DCA 2008) (holding that a trial court's ruling on the admissibility of the excited utterance exception to hearsay is reviewed for an abuse of discretion).

Because the trial court imposed a monthly probation supervision fee in excess of Florida Statutes section 948.09(1)(b)'s forty-dollar fee without any accompanying oral pronouncement explaining the deviation, we are compelled to reverse that portion of Arcamone's sentence. We remand the case to the trial court to enter a corrected sentencing order, reducing

Arcamone's probation supervision fee to forty dollars per month. <u>See</u> <u>Paris</u> <u>v. State</u>, 337 So. 3d 2, 3 (Fla. 4th DCA 2022).

Affirmed in part; reversed and remanded in part.