ALLAN J. HOPSON v. STATE.

168 So. 810.
Division B.
Opinion Filed July 13, 1936.

*E. Snow Martin,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of the offense of assault with intent to commit manslaughter under an information charging the

accused, plaintiff in error here, with the offense of assault with intent to commit murder in the first degree.

The record shows that it was the contention of the accused that the wound inflicted which constituted the basis of the information was inflicted by accident and without intention upon his part to· commit the act which caused the wound. After the evidence was in the court charged the jury and in the charge he included a charge embracing the law of self defense. In the beginning of that charge he said:

"The court charges you that in this case the defendant has invoked the defense of self-defense."

Self defense is a plea in the nature of a confession and avoidance. In such cases the defendant confesses doing the act charged, but seeks to justify that act upon the claim that it was necessary to commit the act to save himself from death or great bodily harm.

A homicide committed in self defense is justifiable. Where homicide is committed by accident or misfortune the homicide is excusable, such as where, as was claimed in this case, a pistol was accidently and unintentionally discharged.

The defendant in this case claimed that his wife assaulted him and that while they were engaged in a fight the wife pulled his pistol out of his holster, where he was carrying it, and that he attempted to take the pistol away from her; that in the struggle over the pistol the pistol was discharged by accident and unintentionally, with the result that Mrs. Hopson was injured in her arm.

Mrs. Hopson testified in effect that in the culmination of a fight in which Hopson was the aggressor and in which she hit him over the head and face with a pair of handcuffs, and in which Mr. Hopson had slapped her several

times and had bitten her finger and she had bitten him on the nose, that finally, after a bystander had advised Hopson to kill her and get her out of the way, Hopson drew his pistol and presented it in shooting position and she slapped his arm or the pistol about the time it was discharged and deflected the pistol far enough for the bullet to miss her body but to take effect in her arm.

So, there was no evidence supporting the theory that the defendant shot his wife in necessary self defense. His theory of the matter was, and is, that the shot was fired by accident and misfortune. Her theory was, and is, as disclosed by the record, that the defendant without justification or excuse, attempted to kill her and failed to do so only because she deflected the pistol in time to prevent being struck in a vital part.

It is well settled in this, and other, jurisdictions that, "Upon the trial of a case at law in the several courts of this State, the judge presiding upon such trial should charge the jury only upon the law of the case, that is, upon some point or points of law arising in the trial of the cause." Sec. 2696 R. G. S., 4363 C. G. L.

In the case of Bradley v. State, 82 Fla. 108, 89 Sou. 369, we held: "Charges of the court must be based upon facts in proof, and if not so based upon the facts in proof, it is error to give them, and the court below erred in giving the quoted charge," and cited in support of this the following cases: "Irvin v. State, 19 Fla. 872; Washington v. State, 21 Fla. 328; Lewton v. Hower, 35 Fla. 58, 16 South. Rep. 616. Doyle v. State, 39 Fla. 155, 22 South. Rep. 272; West v. State, 55 Fla. 200, 46 South. Rep. 93."

In Hisler v. State, 52 Fla. 30, 42 Sou. 392, we held: "Charges which state correct abstract propositions of law

should not be given to a jury when they are not applicable to the facts of the case being tried."

We have considered the other assignments of error but since the judgment must be reversed because of the giving of a charge not applicable to the facts in evidence, it is not necessary to discuss the other assignments.

For the reasons stated, the judgment must be reversed and the cause remanded for new trial.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.