ADAMS, Justice.
This appeal is from a death sentence imposed pursuant to a jury verdict on a plea of not guilty.
This case was before this Court (Robles v. State, 188 So.2d 789) where we reversed a death sentence for another trial. We refer to that opinion for a full statement of the case.
The errors relied upon for another reversal are:
1. Did the testimony and manifestations of grief of the victim’s mother and *442 her unsolicited remark to counsel for the defendant arouse the sympathy of the jury toward the deceased and prejudice the defendant in the eyes of the jury ?
2. Was the testimony of the victim’s mother to the effect that defendant was prejudiced toward Negroes so prejudicial, under the circumstances, as to deprive the defendant of a fair trial?
3. Were the conduct and remarks of the prosecutor so prejudicial to the defendant as to deprive him of a fair trial?
4. Did the Court err in failing to instruct the jury as to the law of self-defense ?
Treating the first question we not only agree with the State that this episode was somewhat provoked by the defense attorney, we also see this as a normal reaction for a mother who has witnessed the brutal murder of her fifteen year old child. One who commits so horrible a crime as this can hardly expect the calmness of a mother who has not experienced such a tragedy.
Turning to the second question, the origin of this lies in defense counsel’s question to the mother of the victim in substance that the cause of-her breaking off plans to marry defendant was due to her family’s prejudice against defendant, she being Jewish and he Puerto Rican. From this opening by defense counsel she eventually testified that not she, but defendant, had such race prejudice that he would not eat in a restaurant serving Negroes. The harm is claimed because two Negroes were on the jury.
The trial judge did not consider the testimony was of such a nature as to prejudice the jury and we are not inclined to fault him on that score. Jurors strive diligently to reach correct verdicts. They are naturally reticent to impose death penalties. Once their verdict is returned the trial judge who has supervised the trial must then approve the legal sufficiency of the verdict and impose sentence. Having followed this procedure we, on appeal, will not disturb the judgment except on a clear showing of error.
Upon the third question “were the conduct and remarks of the prosecutor so prejudicial to the defendant as to deprive him of a fair trial?” we have read the remarks of the State Attorney and feel they were proper. In no respect did he depart from the evidence. Any inference he drew from same was within the bounds of propriety. The State Attorney is the advocate for the State and has the duty, not only to present evidence in support of the charge, but likewise the duty to advocate with all his talent, vigor and persuasion, the acceptance by the jury of such evidence. See Stewart v. State, Fla., 51 So.2d 494; and Collins v. State, Fla., 180 So.2d 340.
The fourth question “did the Court err in failing to instruct the jury as to the law of self-defense?” we find no basis for such a charge. All the State’s evidence is to the effect that appellant broke into the home and with a knife killed deceased, an unarmed victim.
Appellant’s own version precludes the self-defense plea for he says he did not commit the deed. See Hopson v. State, 127 Fla. 243, 168 So. 810.
In conclusion we have examined the whole record, including the evidence, and we are convinced that there is no error in the record and the judgment is therefore affirmed. See F.S. Sec. 924.32(2) F.S.A.
CALDWELL, C. J., and ROBERTS, DREW, THORNAL and ERVIN, JJ., concur.
THOMAS, J., concurs specially.