414 So.2d 234 (1982)
Charles Martin KALINOSKY and Joseph Lee Woodall, Appellants,
v.
STATE of Florida, Appellee.
No. 80-1992.
District Court of Appeal of Florida, Fourth District.
May 5, 1982.
Rehearing Denied June 9, 1982.
Richard M. Gale, Miami, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Appellants were found with 46 bales of marijuana and convicted of trafficking in *235 cannabis in excess of 100 pounds but less than 2,000 pounds. They raise four points on appeal, three of which merit discussion.
Appellants argue that the trial court committed reversible error in denying defense counsel's motion to remove the 46 bales of marijuana from the courtroom at the close of the evidence and prior to closing argument. In an innovative argument, they contend that the odor emanating from the bales was marked and offensive, causing counsel to be physically ill, and prejudicing the jury. The question of whether defense counsel was too sick to effectively argue to the jury was for the trial court to determine. A review of the record demonstrates that the closing arguments of both counsel were lengthy; the record does not establish an impairment of their ability to conduct closing argument. We hold that the trial court did not abuse its discretion on this issue. In reaching this conclusion we caution that the trial court and counsel should be continually conscious of maintaining a proper atmosphere of judicial decorum in the courtroom. As for the issue of jury prejudice, appellants were charged with trafficking in 2,000 pounds or more of marijuana. Weight was an issue for the jury to determine and the bales were obviously relevant. We note that appellants were convicted of trafficking in less than 2,000 pounds of marijuana, even though the 46 bales weighed 2,860 pounds. Clearly, had the jurors been prejudiced by the offensive odor of the marijuana, they would have convicted appellants of the higher charge.
Appellants next urge that the trial court abused its discretion in limiting the voir dire examination of two jurors. During jury selection, defense counsel informed the court that the Fort Lauderdale News was publishing a series of articles on the criminal justice system in Broward County. The October 8, 1980, edition headlined drug cases although the instant case was not mentioned. When questioned, one juror informed the court that he had read only the headlines, but the second juror admitted to reading the entire article. Defense counsel requested that these jurors be examined individually and out of the presence of the other jurors for the purpose of determining what impressions and ideas these jurors developed from reading the articles. The trial court denied this request because both jurors stated they could be fair and impartial regardless of what they read.
The extent to which the parties may examine prospective jurors on voir dire is a matter within the sound discretion of the trial judge. Essix v. State, 347 So.2d 664 (Fla. 3d DCA 1977). We have reviewed the transcript of the voir dire examination which encompassed over 400 pages and find no abuse of discretion. As stated above, the articles were of a general nature and did not involve pre-trial publicity directed specifically at appellants' case. We further note that defense counsel did not challenge the jurors for cause nor did they exercise their remaining peremptory challenge to remove either juror. Appellants having demonstrated no prejudice, we will not interfere with the exercise of the trial court's discretion.
As to the third point, appellants argue that the drug trafficking statute, Section 893.135, Florida Statutes (1979), is unconstitutional. The Florida Supreme Court has ruled on this issue and has held the statute to be constitutional. See State v. Benitez, 395 So.2d 514 (Fla. 1981).
We therefore affirm.
AFFIRMED.
DELL and WALDEN, JJ., concur.