PER CURIAM.
Following the affirmance of the appellant’s conviction, see Maugeri v. State, 460 So.2d 975 (Fla. 3d DCA 1984), the appellant filed a Rule 3.850, Florida Rules of Criminal Procedure motion alleging ineffectiveness of counsel for a number of reasons. The trial court conducted an evidentiary hearing and subsequently denied the relief sought.[1] This appeal ensued.
The principal point urged for reversal is the failure of the trial counsel to present a requested jury instruction on self-defense or independent causation. It is true that no such instructions were requested, but we do not find that this amounts to ineffective assistance because the charge in the instant case was felony murder.[2] The appellant’s defense was that he did not commit the underlying felony. With such a defense, it would have been inappropriate to give an instruction on self-defense or independent causation, both of which would be inconsistent with the defense urged of not guilty of the underlying felony. To avail oneself of the defenses requested a defendant must necessarily concede participation in the underlying felony. See in this connection the following authority. Robles v. State, 210 So.2d 441 (Fla.1968); Hopson v. State, 127 Fla. 243, 168 So. 810 (1936); Pimentel v. State, 442 So.2d 228 (Fla. 3d DCA 1983); Cullaro v. State, 97 So.2d 40 (Fla. 2d DCA 1957); compare Pearson v. State, 221 So.2d 760 (Fla. 2d DCA 1969).
*24 We have examined the other points urged for reversal and find no merit in them. State v. Bucherie, 468 So.2d 229 (Fla.1985); Smith v. State, 457 So.2d 1380 (Fla.1984); Armstrong v. State, 429 So.2d 287 (Fla.1983); Straight v. Wainwright, 422 So.2d 827 (Fla.1982); Washington v. State, 397 So.2d 285 (Fla.1981); Moore v. State, 458 So.2d 61 (Fla. 3d DCA 1984); Zamora v. State, 422 So.2d 325 (Fla. 3d DCA 1982); Kalinosky v. State, 414 So.2d 234 (Fla. 4th DCA 1982); State v. Eby, 342 So.2d 1087 (Fla. 2d DCA 1977).
Therefore for the reasons above stated, the order under review is hereby affirmed.
Affirmed.

.The trial court order reads as follows:
“THIS CAUSE having come on to be heard on Defendant’s Motion to Vacate pursuant to Fla.R. Crim.P. 3.850, and this Court having examined the pleadings and the record, and having conducted an evidentiary hearing, and having heard argument of counsel, makes the following findings of fact and conclusions of law.
1. With respect to the claim that trial counsel was ineffective in failing to communicate to his client a plea offer on the part of the State, I find the evidence insufficient to support the allegation that a plea offer was ever tendered by the State. Furthermore, I conclude that trial counsel's performance was not deficient in failing to initiate plea negotiations nor was the defendant prejudiced by such failure under the circumstances of this case.
2. With respect to the allegations that trial counsel was ineffective in failing to call certain witnesses, I find that the decision to not call these witnesses was an informed strategic choice.
3. With respect to the contention that trial counsel was ineffective in failing to present the proper defense, I find that the defense presented at trial was at least as tenable, if not more so, than any other suggested.
4. With respect to the claim that trial counsel was ineffective in failing to request certain jury instructions, I conclude that those suggested were either adequately covered in the standard instructions or were inappropriate and unwarranted.
5. With respect to the allegation that trial counsel rendered ineffective assistance in the manner of cross-examination of the key State witness, I conclude that counsel’s actions were based on an informed strategic decision, entirely reasonable under the circumstances.
6. With respect to the contention that trial counsel was ineffective in failing to voir dire the jury on certain areas, I conclude that voir dire examination is totally subjective and individualized and was sufficient in this case.
7.With respect to the myriad other claims, which range from a lack of rapport between counsel and client to inartfulness in courtroom performance, I found that none amount to errors so serious as to deprive the defendant of a fair trial or to indicate that counsel was not functioning in a manner contemplated by the Sixth Amendment. While trial counsel's performance may not have been a work of art, the same is not required under the Sixth Amendment. More specifically, the Court concludes that, on the one hand, none of the identified acts or omissions were outside the wide range of professionally competent assistance. Nor, on the other hand, is there a reasonable probability that, but for any alleged errors on the part of counsel, the result of the trial would have been different.
WHEREFORE, the defendant’s Motion for Post Conviction Relief, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure is ' hereby DENIED. The defendant is hereby advised that he has thirty (30) days to appeal this Order and fifteen (15) days to file a Motion for Rehearing."

. Section 782.04 Murder. Florida Statutes (1985)
(l)(a) The unlawful killing of a human being.
* * * * * *
2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any:
******
d. Robbery,
e. Burglary,
******
... is murder in the first degree and constitutes a capital felony, punishable as provided in s. 775.082.