559 So.2d 85 (1990)
Cleve EDMOND, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2673.
District Court of Appeal of Florida, Third District.
February 13, 1990.
Rehearing Denied April 24, 1990.
*86 Bennett H. Brummer, Public Defender, and Philip D. Parrish, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
PER CURIAM.
Cleve Edmond, a cocaine addict, appeals convictions and a life sentence for the strangulation murder of his seventy-two-year-old great aunt during a forced entry and attempted burglary of her home. Edmond's fingerprints were lifted from various locations in the house. A puncture wound on the victim's neck was consistent with being caused by the single long nail of Edmond's right little finger.
The crime was committed at approximately 4:00 a.m. when the victim, who was alone with two small children for whom she cared, awoke to investigate the sounds of someone breaking into her home.
First, the defendant claims that his so-called confession was obtained because Detective Conley allegedly told him that his aunt was "looking down from heaven wanting him to tell the truth because it was an accident." Even if there was an attempt to deceive, the trial court's determination that the incriminating statement was freely and voluntarily given is supported by the evidence. In its finding that the defendant was not deceived, the trial court could have relied on the defendant's own statement that he did not fall for the officer's trick. See State v. Manning, 506 So.2d 1094 (Fla. 3d DCA 1987) (a sexual battery defendant's confession was voluntarily given, even though officers made false statements concerning the existence of incriminatory evidence).
Second, the trial court was within its discretion in excluding testimony of the defendant's sister, Delores, as she was an unlisted witness and the State was deprived of the opportunity to depose her. Lewis v. State, 411 So.2d 880 (Fla. 3d DCA 1981), rev. denied, 418 So.2d 1279 (Fla. 1982). In our view, the inquiry made by the trial court was sufficient to satisfy Richardson v. State, 246 So.2d 771 (Fla. 1971).
Third, the record in this case does not disclose an exercise by Edmond of his right to remain silent. He spoke freely to police officers before any incriminating statements were made. Further, he knowingly executed a Miranda waiver form. Edmond's assertion on appeal, that the State improperly commented on his right to remain silent by eliciting testimony from Detective Conley that he, after implicating himself, refused to answer the next question without the advice of counsel, presents no reversible error. Williams v. State, 353 So.2d 588 (Fla. 3d DCA 1977).
Lastly, the State did not impermissibly bolster the testimony of the only witness to the crime, an eleven-year-old boy. The frightened child gave an emotional description of the assailant to the police when they arrived two to three hours later, and the evidence shows that the child was excited, perhaps even hysterical, at the time his statements were made. His descriptions were, therefore, admissible, pursuant to section 90.803, Florida Statutes (1987), as excited utterances.
Affirmed.