674 So.2d 155 (1996)
Terrance WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1290.
District Court of Appeal of Florida, Fourth District.
April 17, 1996.
*156 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne Carrion, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Judge.
The judgment and sentence are affirmed. The trial court did not abuse its discretion in denying Appellant's motion to strike the jury venire.
During voir dire, the prosecutor, in the course of asking prospective jurors about their understanding of the state's burden, commented as to reasonable doubt that the burden was not to prove guilt to "100 percent certainty." Following an objection, the court advised the jury that what the lawyers say is not the law and that the court would instruct the jury as to the law at the conclusion of the case.
Appellant contends that allowing jurors to hear the prosecutor's comment, notwithstanding the court's curative instruction, tainted the jury panel, as jurors might interpret the comment as a statement of law that they need not feel certain of their verdict. This court has concluded that such a remark by the court, in the course of instructing a jury, is error. E.g., Jones v. State, 656 So.2d 489 (Fla. 4th DCA), rev. denied, 663 So.2d 632 (Fla.1995); McInnis v. State, 671 So.2d 803 (Fla. 4th DCA 1996). That issue has subsequently been certified to the supreme court. Wilson v. State, 668 So.2d 998 (Fla. 4th DCA 1996), rev. granted, 672 So.2d 543 (Fla.1996). See also Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). Cf. Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994).
We reject the argument that because we have recognized error in a trial court's minimizing the reasonable doubt standard in the course of assisting the jury to understand the court's instructions, any (presumably inadvertent) similar assertion by an assistant state attorney in the course of questioning a panel must be similarly sanitized. A trial court's discretion in permitting voir dire examination will not be overruled on appeal absent a clear abuse of discretion. Vining v. State, 637 So.2d 921, 926 (Fla.), cert. denied, ___ U.S. ___, 115 S.Ct. 589, 130 L.Ed.2d 502 (1994); Kalinosky v. State, 414 So.2d 234 (Fla. 4th DCA), rev. denied, 421 So.2d 67 (Fla.1982). In any event, any harm created by the state's questioning was cured by the court's curative instruction coupled with the fact that the court subsequently correctly charged the jury. See Wyatt v. State, 641 So.2d 1336, 1338 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1983, 131 L.Ed.2d 870 (1995); Haliburton v. State, 561 So.2d 248, 251 (Fla.1990), cert. denied, 501 U.S. 1259, 111 S.Ct. 2910, 115 L.Ed.2d 1073 (1991). See also Victor; People v. Medina, 11 Cal.4th 694, 744-45, 12 Cal.4th 651B, 47 Cal.Rptr.2d 165, 193, 906 P.2d 2, 30-31 (1995) (finding no prejudice to defendant in prosecutor's implication that state's burden was less than 100 percent certainty because trial *157 court's proper instruction would have diluted any confusion created by prosecutor).
POLEN and GROSS, JJ., concur.