718 So.2d 856 (1998)
Humberto RIVERA, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 96-4274.
District Court of Appeal of Florida, Fourth District.
August 26, 1998.
*857 Richard L. Jorandby, Public Defender, and Christine Sciarrino and Peggy Natale, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Doquyen T. Nguyen, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
Claiming that the trial court erred in admitting the victim's statements to police officers, which were inconsistent with her trial testimony, the appellant seeks reversal of his conviction and sentence for battery, escape, and resisting arrest without violence. We affirm because the statements met the conditions for admission as excited utterances. We also affirm as to appellant's other claims of error.
Officer Laguna was on road patrol when he observed the victim waving her hands in the air and screaming at a man in a vehicle parked beside the road. He turned his car around and returned to the couple. When he arrived, the victim walked towards his car, screaming and crying and holding her dress, which was ripped on one side. She told the officer to keep the appellant away from her. The victim was crying hysterically and shaking so much that at first she could not tell the officer what had happened. Officer Laguna testified that he believed the victim's emotional state was caused by some event that had just occurred, which he estimated would have been about 15 minutes earlier, and that her statements were made to him immediately after the event. The victim proceeded to tell the officer that she had had an altercation with the appellant, who had punched her in the lip, and that she then bit him on the leg and arm to try to get away from him. The appellant also punched the passenger-side windshield of the vehicle causing it to crack. After listening to the victim and appellant, the officer decided to arrest the appellant, who was taken to the hospital for medical treatment; at the hospital, the appellant attempted to escape, resulting in the remaining charges against him.
At trial, the victim testified that the appellant did not strike her and that the altercation was her fault. When Officer Laguna attempted to testify as to the statements made to him by the victim, the defense objected on the ground that the victim's statements were hearsay and did not qualify as excited utterances. The trial court overruled the objection.
The appellant contends that the trial court erroneously admitted, as excited utterances, the victim's statements to Officer Laguna, describing how the appellant battered her and the circumstances surrounding this violent altercation. The trial court's ruling on the admissibility of evidence should not be disturbed on appeal, absent an abuse of discretion. See Kearse v. State, 662 So.2d 677, 684 (Fla.1995). Section 90.803(2), Florida Statutes (1995), defines an excited utterance as "[a] statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." An excited utterance is admissible as an exception to the hearsay rule because:
the declarant does not have the reflective capacity necessary for conscious misrepresentation. Thus, statements made by someone who is excited are spontaneous and have sufficient guarantees of truthfulness.
Rogers v. State, 660 So.2d 237, 240 (Fla.1995)(citing Charles W. Ehrhardt, Florida Evidence § 803.2 (1994 ed.)).
A statement qualifies for admission as an excited utterance when: (1) there is an event startling enough to cause nervous excitement, (2) the statement was made before there was time for reflection, and (3) the statement was made while the person was under the stress of the excitement caused by the startling event. See Rogers, 660 So.2d at 240 (citing State v. Jano, 524 So.2d 660, 661 (Fla.1988)). There is no question that a startling event occurred in the present case. The sole elements at issue are whether the victim had time for reflective thought before she reported the appellant's attack to Officer Laguna and whether she made her statements while still under the stress of the excitement caused by the startling event.
*858 There is no bright line standard by which to measure the length of a permissible time gap between a crime and a victim's statement for purposes of analyzing the admissibility of the statement as an excited utterance. See Rogers, 660 So.2d at 240. Instead, "`where the time interval between the event and the statement is long enough to permit reflective thought, the statement will be excluded in the absence of some proof that the declarant did not in fact engage in a reflective thought process.'" Jano, 524 So.2d at 662 (quoting Edward W. Cleary, McCormick on Evidence § 297, at 856 (3d ed.1984)). In the present case, the state established through the testimony of Officer Laguna that the victim did not have time for reflective thought based on (1) the unchallenged estimate that only fifteen minutes had elapsed between the time of the altercation and the victim's emotional statements to the officer and (2) the victim's visibly shaken appearance upon the officer's arrival. See Rogers, 660 So.2d at 237; see also Romero v. State, 670 So.2d 129, 130 (Fla. 3d DCA 1996); Joseph v. State, 636 So.2d 777, 782 (Fla. 3d DCA 1994).
The state further proved that the victim made the statements that implicated the appellant while she was under the stress of the battery, as evidenced by the fact that she was crying hysterically, shaking uncontrollably, and telling Officer Laguna to keep the appellant away from her. See Young v. State, 637 So.2d 31, 32 (Fla. 2d DCA 1994); Edmond v. State, 559 So.2d 85, 86 (Fla. 3d DCA 1990). Moreover, even though she denied being punched by the appellant, the victim herself testified that the officer arrived "almost immediately once we were arguing." Thus, as the trial court aptly concluded, the state established the predicate necessary to admit the victim's statements in question as excited utterances.
The trial court itself directed a few questions to the officer in connection with the issue of whether the victim's statement was an excited utterance. The appellant's counsel objected and moved for a mistrial, claiming that the trial court had asserted a prosecutorial role. The appellant raises the trial court's denial of this motion as a second issue requiring reversal. We affirm, however, finding that the questions asked of the witness were conducted within the bounds of judicial authority to clarify issues. See Andrews v. State, 172 So.2d 505, 506 (Fla. 1st DCA 1965). Because of this, we also find without merit the appellant's claim that the trial court erred in refusing his request for additional time to file a written motion to recuse the court on this basis. Not only did defense counsel have adequate time to file a written motion, but a belated motion, premised upon the court's examination of the officer, would not have been legally sufficient to justify recusal.
As a third issue, the appellant asserts error based on the prosecutor's questions during voir dire of a prospective juror about why a victim might not want to prosecute a domestic violence case. We affirm the trial court's overruling of the objections to the questions as being within the trial court's discretion. See Vining v. State, 637 So.2d 921, 926 (Fla.), cert. denied, 513 U.S. 1022, 115 S.Ct. 589, 130 L.Ed.2d 502 (1994); Williams v. State, 674 So.2d 155, 156 (Fla. 4th DCA 1996). In addition, the appellant failed to preserve by contemporaneous objection the impropriety of the comments during the prosecutor's opening and closing argument. See Chandler v. State, 702 So.2d 186, 191 (Fla.1997) (citing Allen v. State, 662 So.2d 323, 331 (Fla.1995), cert. denied, 517 U.S. 1107, 116 S.Ct. 1326, 134 L.Ed.2d 477 (1996)), cert. denied, ___ U.S. ___, 118 S.Ct. (1998). We do not find that these comments constituted fundamental error.
Next, the appellant claims that the trial court erred in denying his motions for judgment of acquittal, arguing that the state did not prove its case with only the prior inconsistent excited utterance as proof of the crime. We affirm based on Williams v. State, 714 So.2d 462, 23 Fla. L. Weekly D75 (Fla. 3d DCA 1997), rev. denied, 717 So.2d 542 (Fla.1998), and Anderson v. State, 655 So.2d 1118, 1120 (Fla.1995).
Finally, we affirm the imposition of the public defender's fee. When the court notified the appellant of his right to a hearing on the fee, he at least impliedly indicated that he did not want such a hearing. In *859 addition, the appellant failed to preserve this issue by not moving to correct the sentence under Rule 3.800(b). See Hyden v. State, 715 So.2d 960, 23 Fla. L. Weekly D1342 (Fla. 4th DCA 1998).
Affirmed.
GLICKSTEIN and SHAHOOD, JJ., concur.