888 So.2d 87 (2004)
Kyle SUNDBERG, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-400.
District Court of Appeal of Florida, Fifth District.
November 19, 2004.
Rehearing Denied December 17, 2004.
*88 James B. Gibson, Public Defender, And Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Kyle Sundberg, Lake Butler, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Kyle Sundberg appeals his convictions for aggravated battery and false imprisonment. We affirm.
The victim testified that she was Sundberg's live-in girlfriend. She was not happy to learn, upon her arrival home from work, that another woman left messages for Sundberg on the telephone answering machine. After Sundberg came home, she told him he had to move out if he wanted the other woman. At some point, Sundberg punched her in the face and began choking her. He told her she would not get out of the house alive and said that he was going to tie her up when he left to get more beer. He stood guard over her when she used the bathroom. She left the next morning when she thought that Sundberg was sound asleep, and a neighbor took her for medical help. A doctor testified that she had a swollen eye and multiple contusions and abrasions to her head, neck, elbows, and knees.
The victim admitted that she drank beer every day after work, and that she had more beer with Sundberg that night. She testified that after Sundberg punched her, she got up and pushed him, possibly scratching him in the process. She admitted that, about a month before this incident, she confronted the woman who left the messages because she wanted to know what the woman had been doing in the victim's home. A responding police officer testified that he saw a couple of scratches on Sundberg's neck, arm, and chest.
Sundberg contends that the court abused its discretion in refusing to instruct the jury on self-defense under Wright v. State, 705 So.2d 102 (Fla. 4th DCA 1998), which explained:
To raise self-defense, a defendant does not have to testify directly about his intent behind an act occurring in the past, or that he made a conscious decision to defend himself in a certain way.
* * *
As the second district stated in Kilgore v. State, 271 So.2d 148, 152 (Fla. 2d DCA 1972)
[i]t is not the quantum or the quality of the proof as to self-defense that determines the requirement for giving the charge. If any evidence of a substantial character is adduced, either upon cross-examination of State witnesses or upon direct examination of the defendant and/or his witnesses, the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the *89 jury's function to determine that issue.
In the instant case, however, there was no evidence that Sundberg was protecting himself or that the victim was the aggressor. The victim consistently testified, on direct examination and cross-examination, that she pushed Sundberg after he punched her. After referring to her deposition, defense counsel asked if she pushed and scratched Sundberg before he punched her, but the question was left dangling after an objection and defense counsels decision to move on a bit here. Sundberg was not entitled to the requested instruction because there was no basis upon which the jury could have found that Sundberg acted in self-defense. Compare Smiley v. State, 395 So.2d 235 (Fla. 1st DCA 1981) (no error in refusing to give instruction on self-defense where there was evidence of past strife between defendant and victim, but where victim denied threatening defendant and defendant did not testify).
AFFIRMED.
PETERSON and ORFINGER, JJ., concur.