927 So.2d 76 (2006)
Richard Arthur BERTKE, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-4187.
District Court of Appeal of Florida, Fifth District.
April 7, 2006.
*77 Richard A. Bertke, Lowell, Pro Se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Respondent.
MONACO, J.
Richard Arthur Bertke petitions this court for a writ of habeas corpus, asserting that his appellate counsel was ineffective. Because the petitioner's appellate counsel failed to argue that the trial court erred in giving the forcible felony exception to the self-defense standard jury instruction in a case where there was no independent forcible felony charged, we grant the petition.
Mr. Bertke was tried and convicted of aggravated battery with a firearm, and sentenced to state prison for a minimum mandatory period of twenty-five years. See § 775.087(2)(a)3., Fla. Stat. (2001). His conviction and sentence were affirmed per curiam. See Bertke v. State, 861 So.2d 49 (Fla. 5th DCA 2003). Mr. Bertke later filed his petition for writ of habeas corpus arguing that his appellate counsel was ineffective for, among other reasons, failing to argue that the trial court committed fundamental error when it gave the standard jury instruction on self-defense, which included the forcible felony instruction. Habeas corpus is the proper method to raise a claim of ineffective assistance of appellate counsel. See Rutherford v. Moore, 774 So.2d 637, 643 (Fla.2000); Ragan v. Dugger, 544 So.2d 1052, 1054 (Fla. 1st DCA 1989).
The forcible felony exception instructs that the "use of force likely to cause death or great bodily harm is not justifiable if you find that [the defendant] was attempting to commit, committing, or escaping after the commission of, a forcible felony." The exception is based on section 776.041(1), Florida Statutes (2001), and is only applicable where the person claiming self-defense is engaged in another independent forcible felony at the time. See Cleveland v. State, 887 So.2d 362 (Fla. 5th DCA 2004); Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA), review denied, 890 So.2d 1115 (Fla.2004); Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002).
As we discussed in Cleveland, the instruction on the forcible felony exception is given when the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense, as well as a separate forcible felony. If a separate forcible felony is not involved, the giving of the instruction essentially negates the defense of self-defense.
Here, Mr. Bertke was charged only with a single forcible felony, aggravated battery. Thus, the trial court erred in giving the instruction on the exception. We and other of our sister courts have held that this error is fundamental, and can be considered in the absence of an objection below. See Cleveland; Velazquez; Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). We should relate in deference to the trial judge that there was no objection to the giving of the erroneous instruction.
*78 We note parenthetically that the Fourth District Court of Appeal had decided Giles before the initial brief was filed in Mr. Bertke's plenary appeal. As the law at the time of the appeal applies when determining whether appellate counsel was ineffective, the petitioner's appellate counsel was tasked with being aware of this opinion. See Domberg v. State, 661 So.2d 285 (Fla.1995). Under the circumstances, therefore, and for the reasons articulated in Granberry v. State, 919 So.2d 699 (Fla. 5th DCA 2006), the petition is well-founded.
We have considered the other grounds for relief urged by Mr. Bertke, but find them to be without merit. Because there is a reasonable probability that the outcome of Mr. Bertke's appeal would have been different had his appellate counsel raised this issue, however, we grant the petition. See State v. Riechmann, 777 So.2d 342, 364 (Fla.2000). A copy of this opinion shall be filed with the trial court and treated as the notice of appeal.
PETITION GRANTED.
THOMPSON and PALMER, JJ., concur.