972 So.2d 912 (2007)
Jeffery Scott SIPPLE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2861.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
Rehearing Denied January 30, 2008.
Kevin T. Beck of Cohen, Jayson & Foster, P.A., Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney. General, Daytona Beach, for Appellee.
SAWAYA, J.
The issue we must resolve is whether the failure on the part of trial counsel to object to inclusion of the forcible felony exception in the jury instruction regarding self-defense constituted ineffective assistance of counsel where the defendant was charged with only one offense. The defendant, Jeffrey Sipple, who was convicted of manslaughter with a firearm, alleges in the motion he filed pursuant to Florida Rule of Criminal Procedure 3.850 that because his trial, counsel was ineffective for failing to object to the jury instruction, he is entitled *913 to a new trial. The trial court disagreed, concluding that Sipple's trial counsel had made a tactical decision to have the entire jury instruction on justifiable use of deadly force presented to the jury and that this decision was within the range of reasonable actions by a criminal defense attorney. We agree with Sipple and disagree with the trial court.
Discussion of the facts is not necessary to resolve the issue before us. Suffice it to say that Sipple gave a statement to the police describing how he became embroiled in a life and death struggle with the victim, who was his roommate, and explaining that he acted in self-defense when she was shot. Sipple was arrested and originally charged with second-degree murder. This was the only charge filed against him. During the trial, Sipple's statement to police was admitted into evidence. It was Sipple's position throughout the trial that he acted in self-defense.
At the close of the evidence, the trial court instructed the jury as to the forcible felony exception to self-defense:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find, number one, Jeffery Sipple was attempting to commit or committing aggravated battery, murder, or manslaughter.
Despite the fact that Sipple was charged with only one crime, the instruction drew no objection.
The jury found Sipple guilty of manslaughter with a firearm, and he was sentenced to 12 years in the Department of Corrections to be followed by three years of probation, the first two years to be served under community control. In Sipple's direct appeal, this court rendered a per curiam affirmance. Sipple v. State, 894 So.2d 1088 (Fla. 5th DCA 2005). When this court first reviewed the denial of Sipple's rule 3.850 motion, we ordered that an evidentiary hearing be held. Sipple v. State, 928 So.2d 484 (Fla. 5th DCA 2006).
At the evidentiary hearing, Sipple's trial counsel testified that he had been a criminal defense attorney for 16 years. He had not objected to the giving of the forcible felony exception instruction because he had wanted the instruction given. He explained, "I wanted my client to have the benefit of that self-defense instruction. We were also alleging an accidental [shooting]. I wanted him to have both." He stated that he had not discussed the instruction with Sipple. Although counsel testified that he did not believe that the instruction emasculated the self-defense theory, he was aware that the appellate courts had found to the contrary. He had no doubt but that the facts supported a prima facie case of self-defense.
Interestingly, the trial court interjected during the hearing that it recalled that Sipple's counsel had requested the instruction and that is why no objection was made. In fact, however, the transcript of the charge conference shows that the State had requested the instruction, not Sipple's counsel. The trial court denied Sipple's motion, and this appeal followed.
The standard by which we determine whether a defendant is entitled to relief based on assertions of ineffective assistance of trial counsel derives from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a defendant to prove two. elements: 1) counsel's performance was deficient; and 2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Sanders v. State, 946 So.2d 953 (Fla.2006). In order to satisfy the first element, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688, 104 S.Ct. 2052. To satisfy the second element, the defendant must show "a reasonable *914 probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052; see also Sanders, 946 So.2d at 956 (quoting Strickland). "A reasonable: probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
As we begin our analysis of the first element, we must indulge "`a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,'" and we must recognize that Sipple bears the "burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Brown v. State, 755 So.2d 616, 628 (Fla.2000) (quoting Strickland, 466 U.S. at 688-89, 104 S.Ct. 2052). Defense counsel's strategic choices do not constitute deficient conduct if alternative courses of action have been considered and rejected. See Sanders; Whitfield v. State, 923 So.2d 375 (Fla.2005); Shere v. State, 742 So.2d 215, 220 (Fla.1999); Rutherford v. State, 727 So.2d 216 (Fla.1998).
Sipple contends that this presumption has been overcome and that his trial counsel's representation fell below the prevailing norm because the jury instruction was erroneous and essentially vitiated his claim of self-defense. The erroneous jury instruction Sipple complains about emanates from a legislative enactment, section 776.041(1), Florida Statutes, which provides that the use of force likely to cause death or great bodily harm is not justifiable if the defendant is attempting to commit or committing a forcible felony. This court and others have previously held that presenting this instruction to the jury is erroneous if it is given in cases where the defendant is charged with only one offense. See Bertke v. State, 927 So.2d 76 (Fla. 5th DCA 2006); Hawk v. State, 902 So.2d 331 (Fla. 5th DCA 2005); Carter v. State, 889 So.2d 937 (Fla. 5th DCA 2004), review denied, 903 So.2d 190 (Fla.2005); Cleveland v. State, 887 So.2d 362, 363 (Fla. 5th DCA 2004); Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA), review denied, 890 So.2d 1115 (Fla.2004); Dunnaway v. State, 883 So.2d 876 (Fla. 4th DCA), review denied, 891 So.2d 553 (Fla.2004); Rich v. State, 858 So.2d 1210, 1210 (Fla. 4th DCA 2003); Giles v. State, 831 So.2d 1263, 1265 (Fla. 4th DCA 2002). The reason it is erroneous to give the instruction in such instances is because it "improperly negates the self-defense claim." Hawk v. State, 902 So.2d 331, 333 (Fla. 5th DCA 2005). Thus, the forcible felony instruction is intended to be used only when the defendant "is charged with at least two criminal acts, the act for which the accused is claiming self-defense as well as a separate forcible felony." Cleveland, 887 So.2d at 363; see also Bertke; Carter. Sipple was charged with only one offense and his trial counsel testified that he was aware of the precedent we have just cited, but that he did not think that the instruction was erroneous. He also testified that he did not discuss this instruction with Sipple and indicated that he did not consider objecting to it or requesting that the erroneous part be deleted. Hence, we do not believe that it was a proper trial tactic to fail to object or to ask that the offensive part be deleted. Clearly, his failure to do so meets the deficiency element and, we note parenthetically, the State's declination from its usual practice to argue to the contrary implies that it too believes that the first element has been satisfied.[1]
*915 Turning to the second element, the State asserts that Sipple cannot establish prejudice from the giving of the instruction because the facts did not wholly support the claim of self-defense in the first place. Specifically, the State argues that Sipple's statement to the police identified the incident as an accidentthe gun had discharged when Sipple was struggling to get it pointed away from him. He, therefore, never claimed he had to kill the victim to prevent his own death or great bodily harm. The State cites Hopson v. State, 127 Fla. 243, 168 So. 810 (1936), wherein the defendant contended that his wife had been the aggressor and had assaulted him. While they were fighting, the wife pulled out the pistol and, when he tried to take it away from her, the gun went off "by accident and unintentionally." Id. at 811. The trial court instructed the jury on self-defense. The supreme court reversed on the ground that the evidence did not support the giving of that instruction, noting:
Self-defense is a plea in the nature of a confession and avoidance. In such cases the defendant confesses doing the act charged, but seeks to justify that act upon the claim that it was necessary to commit the act to save himself from death or great bodily harm:
A homicide committed in self-defense is justifiable. Where homicide is committed by accident or misfortune, the homicide is excusable, such as where, as was claimed in this case, a pistol was accidently [sic] and unintentionally discharged.
Id. Relying on Hopson, the State asserts self-defense was never a valid theory of defense and thus no prejudice could possibly stem from the giving of the forcible felony exception instruction.
We note that the State's assertion that Sipple was actually presenting a defense of accident is of very recent vintageappearing first at the evidentiary hearing. Nevertheless, the record belies that argument. The transcript of the rebuttal argument presented at trial shows Sipple's trial counsel's own statement that the case was one of self-defense, not accident. Trial counsel's questions to the venire, summation of evidence, and closing arguments focused exclusively on self-defense. Counsel even argued to the jury that self-defense applied to any lesser crimes.
As to the State's assertion that the evidence did not support a claim of self-defense, we disagree. When self-defense is asserted in a criminal case, the defendant only has the burden of presenting some evidence' to establish a prima facie case that the killing was justified. Murray v. State, 937 So.2d 277, 282 (Fla. 4th DCA 2006); Adams v. State, 727 So.2d 997, 999-1000 (Fla. 2d DCA 1999); Bolin v. State, 297 So.2d 317 (Fla. 3d DCA), cert. denied, 304 So.2d 452 (Fla.1974). The state must then prove beyond a reasonable doubt that the defendant did not act in self-defense. Jenkins v. State, 942 So.2d 910 (Fla. 2d DCA 2006), review denied, 950 So.2d 414 (Fla.2007); Fowler v. State, 921 So.2d 708, 711-12 (Fla. 2d DCA 2006); Romero v. State, 901 So.2d 260 (Fla. 4th DCA 2005); Andrews v. State, 577 So.2d 650, 652 (Fla. 1st DCA), review denied, 587 So.2d 1329 (Fla.1991). As long as there is any evidence of self-defense presented by the defendant, the instruction is warranted. See Cartegena v. State, 909 So.2d 414, 416 (Fla. 5th DCA 2005). As the court explained in Wright v. State, 705 So.2d 102 (Fla. 4th DCA 1998):
[i]t is not the quantum or the quality of the proof as to self-defense that determines the requirement for giving the charge. If any evidence of a substantial character is adduced, either upon cross-examination of State witnesses or upon *916 direct examination of the defendant and/or his witnesses, the element of self-defense becomes an issue, and the jury, as the trier of the facts, should be duly charged as to the law thereon, because it is the jury's function to determine that issue.
Id. at 104 (quoting Kilgore v. State, 271 So.2d 148, 152 (Fla. 2d DCA 1972)); see also Sundberg v. State, 888 So.2d 87, 88-89 (Fla. 5th DCA 2004), review denied, 906 So.2d 1059 (Fla.2005).
In order to establish a prima facie case of self-defense, the defendant does not have to testify at trial; his or her statement to the police admitted into evidence may be sufficient. See Peterka v. State, 890 So.2d 219, 229 (Fla.2004) ("We conclude that in light of Peterka's statement to police, trial counsel presented viable, coherent defense strategy of either self-defense or unintentional killing."), cert. denied, 545 U.S. 1118, 125 S.Ct. 2911, 162 L.Ed.2d 301 (2005); Henry v. State, 862 So.2d 679 (Fla.2003); Wright. Based on Sipple's statement to the police, which was admitted into evidence, we conclude that Sipple met his burden of presenting a prima facie case of self-defense, which required the trial judge to properly instruct the jury as to that defense.
Because the erroneous jury instruction vitiated Sipple's claim of self-defense and essentially relieved the State of its burden of proving beyond a reasonable doubt that Sipple did not act in self-defense, Sipple was clearly prejudiced. We believe that had the jury not been given the improper forcible felony instruction, there is a reasonable probability that Sipple would have been acquitted.
REVERSED AND REMANDED for a new trial.
PALMER, C.J., concurs.
LAWSON, J., dissents, with opinion.
LAWSON, J., dissenting.
For reasons explained in my concurring opinion in Granberry v. State, 967 So.2d 1044 (Fla. 5th DCA 2007), I do not believe that instructing the jury on the forcible felony exception was improper, or prejudiced Sipple in any way. Therefore, I would affirm.
NOTES
[1] This court and others have held that appellate counsel is ineffective when he or she fails to raise the erroneous jury instruction in appellate proceedings. Bertke v. State, 927 So.2d 76 (Fla. 5th DCA 2006); Davis v. State, 886 So.2d 332 (Fla. 5th DCA 2004), review denied, 898 So.2d 81 (Fla.2005); Estevez v. Crosby, 858 So.2d 376 (Fla. 4th DCA 2003).