LaROSE, Judge.
David Rodriguez appeals his conviction and sentence for aggravated battery with great bodily harm. He argues that the trial court erroneously allowed three hearsay statements into evidence. We affirm.
Mr. Rodriguez’s wife was at his apartment with their daughter. Someone knocked. When Mrs. Rodriguez opened the door, she was punched in the face. Mr. Perez, a neighbor, was standing in a nearby parking lot, when he saw a little girl run out of the apartment screaming, looking desperate and panicked. She was yelling that her father was killing her mother. Mrs. Rodriguez came stumbling out. Her eyes were swollen and her face was bleeding. She got into her car, locked the door, and began honking the horn.
Shortly thereafter, Mr. Perez saw Mr. Rodriguez come out of the apartment. Mr. Rodriguez began screaming and banging on the car window. Mrs. Rodriguez refused to open the car door. Mr. Rodriguez left the scene and Mr. Perez approached the car. Mrs. Rodriguez was afraid and was looking to see whether her attacker was still there. She opened the car door and told Mr. Perez that her husband attacked her.
Deputies arrived. Mrs. Rodriguez remained in the car, crying and hysterical. *746 She was having difficulty talking and complained of pain. She told the deputies that Mr. Rodriguez hit her.
At trial, Mr. Perez and one of the deputies testified as to the statements made by Mrs. Rodriguez and her daughter. After the State rested, Mr. Rodriguez moved for a judgment of acquittal. But for the three hearsay statements, he contends that he was entitled to a judgment of acquittal because the circumstantial evidence is equally consistent with his reasonable hypothesis of innocence. See Beasley v. State, 774 So.2d 649, 657 (Fla.2000).
The trial court properly admitted the three statements as excited utterances. See § 90.808(2), Fla. Stat. (2006). A hearsay statement is an excited utterance when: (1) there is an event startling enough to cause nervous excitement, (2) the person made the statement before there was time for reflection, and (3) the person made the statement while under the stress of the excitement caused by the startling event. Rogers v. State, 660 So.2d 237, 240 (Fla.1995) (citing State v. Jano, 524 So.2d 660, 661 (Fla.1988)).
Rivera v. State, 718 So.2d 856 (Fla. 4th DCA 1998), is instructive. There, the Fourth District held that statements that a battery victim made to a police officer fifteen minutes after the officer saw the victim screaming and waving her hands while crying qualified as excited utterances. Id. at 858. Accordingly, we conclude that the trial court committed no error in admitting the excited utterances of Mrs. Rodriguez and her daughter.
Affirmed.
WALLACE and KHOUZAM, JJ., Concur.