COBB, W., Senior Judge.
 

 The appellant, Jeffrey Michael King, was convicted of aggravated assault on Jeffrey Lee King in violation of section 784.021(1), Florida Statutes (2007), and of animal cruelty in the death of a dog in violation of section 828.12(2), Florida Statutes (2007).
 
 [1]
 
 The charges arose as the result of an altercation between JMK and King at the latter’s home.
 

 At trial there were few conflicts in the testimony as to the factual events. JMK did not testify. King’s version was that he forcefully ejected JMK from his home after an argument. Apparently King’s dog, an Akita and German Shepherd mix, went outside of the home at the same time. JMK’s teenage son, Kyle, who was staying at King’s home with his mother, was also present during the incident. Both King and Kyle testified that the dog had never bitten anyone and did not growl or bark at JMK inside the house. A man named Burke, who had driven JMK to the home, was parked outside in his SUV waiting for him.
 

 Some thirty seconds after King had closed the door behind JMK, he and Kyle heard the dog yelp outside. King opened the front door and the dog, whimpering and dripping blood from a chest wound, came limping back into the house and died within a matter of minutes. None of the witnesses — King, Kyle, or Burke — heard any disturbance prior to the dog’s yelp.
 

 After letting the dog back into the house, King went outside and approached Burke’s vehicle. JMK was sitting in the passenger side of the SUV with the door closed and the window rolled up. King angrily struck the windshield with his fist and yelled at JMK to get out of the vehicle. The testimony of King and Burke was in conflict as to whether the SUV was stationary or backing up at this point in time. It is undisputed, however, that at that point JMK brandished an open pocket knife with a four or five inch blade and asked King, “[Y]ou want some too.” King testified that he was in fear that JMK would exit the vehicle and use the knife on him. JMK then told Burke to leave, and they drove away.
 

 JMK raises three issues on appeal, challenging: (1) the trial court’s rejection of his request for a jury instruction on misdemeanor animal cruelty as a necessary lesser included offense of felony animal cruelty; (2) the trial court’s refusal to charge the jury on self-defense in respect to the animal cruelty count; and (3) the trial court’s denial of his motion for judgment of acquittal as to aggravated assault perpetrated against King.
 

 The first issue involves construction of section 828.12, Florida Statutes, which provides in relevant part:
 

 (1) A person who unnecessarily overloads, overdrives, torments, deprives of necessary sustenance or shelter, or unnecessarily mutilates, or kills any animal, or causes the same to be done, or carries in or upon any vehicle, or otherwise, any animal in a cruel or inhumane manner, is guilty of a misdemeanor of
 
 *1273
 
 the first degree, punishable as provided in s. 775.082 or by a fine of not more than $5,000, or both.
 

 (2)A person who intentionally commits an act to any animal which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, is guilty of a felony of the third degree, punishable as provided in s. 775.082 or by a fine of not more than $10,000, or both.
 

 § 828.12(l)-(2), Fla. Stat. (2007). Subsection (1), the misdemeanor provision, criminalizes the unnecessary killing of an animal. Subsection (2), the felony provision, proscribes an intentional act resulting in an animal’s cruel death. The Florida Standard Jury Instructions lend no support to appellant’s argument.
 
 See In re Standard Jury Instructions in Criminal Cases-Report No. 2007-03,
 
 976 So.2d 1081, 1096 (Fla.2008) (listing no lesser included offenses for felony animal cruelty);
 
 Welsh v. State,
 
 850 So.2d 467, 469 (Fla.2008) (quoting
 
 Welsh v. State,
 
 816 So.2d 175, 176-77 (Fla. 1st DCA 2002)). As pointed out by the State, it is conceivable that an animal could be necessarily killed in a cruel manner; this would violate subsection (2) of the statute (felony) but not subsection (1) of the statute (misdemean- or).
 
 See State v. Wimberly,
 
 498 So.2d 929, 932 (Fla.1986) (“A ‘necessarily lesser included offense’ is, as the name implies, a lesser offense that is always included in the major offense.”) Accordingly, we find no merit in the appellant’s argument in regard to a lesser included offense.
 

 The second issue raised by the appellant presents more difficulty. We believe the case law supports his argument that he was entitled to a jury instruction on the issue of self-defense in regard to the animal cruelty charge. There was some evidence, albeit marginal, of self-defense.
 
 See Sipple v. State,
 
 972 So.2d 912, 915-16 (Fla. 5th DCA 2007);
 
 Wright v. .State,
 
 705 So.2d 102, 104-05 (Fla. 4th DCA 1998);
 
 Kilgore v. State,
 
 271 So.2d 148, 152 (Fla. 2d DCA 1972).
 

 JMK did not testify on his own behalf so there was no direct evidence of the physical encounter between him and the dog. The only trial evidence indicating that King’s dog bit JMK came in the form of testimony from one Dr. Mammone, who saw puncture marks on JMK’s lower left thigh two weeks after the incident. Dr. Mammone opined that the injury was consistent with JMK’s statement to him that he had been bitten by a dog. Despite the paucity of evidence in regard to the physical encounter between JMK and the dog, we believe the trial court should have given the requested instruction. A defendant is entitled to a jury instruction on the theory of his defense if there is
 
 any
 
 evidence in the record to support it.
 
 Arthur v. State,
 
 717 So.2d 193, 194 (Fla. 5th DCA 1998). Therefore, the appellant is entitled to a new trial on the charge of animal cruelty.
 

 In respect to the third issue, we have no difficulty in rejecting JMK’s contention that he could not be guilty of aggravated assault because he did not have the apparent ability to carry out his threat to knife King since the two were separated by the door and window of the SUV in which JMK was sitting. JMK’s reliance on our opinion in
 
 L.C. v. State,
 
 799 So.2d 330 (Fla. 5th DCA 2001), is unjustified. In that case, the putative victim was separated from the threatening juvenile offender by a locked apartment door and there was no attempt or apparent ability to enter on the part of the defendant. All the victim had to do to avoid danger was simply stay inside behind a locked door and call the police, which she did.
 

 In the instant case, the victim King was outside his home and it was in JMK’s control whether to exit the vehicle and
 
 *1274
 
 attack King, who was standing within a few feet of the vehicle. The State rightly contends there was sufficient evidence that the victim in this case was reasonably put in fear of imminent violence from the knife-wielding defendant who had just stabbed King’s dog.
 
 See Willard v. State,
 
 386 So.2d 869 (Fla. 1st DCA 1980).
 

 We therefore affirm the appellant’s conviction for aggravated assault. We reverse his conviction for animal cruelty and remand for retrial of that charge.
 

 AFFIRMED in Part; REVERSED in Part; and REMANDED.
 

 EVANDER and TORPY, JJ., concur.
 

 [1]
 

 . Given the similarity of the names of the defendant below (Jeffrey Michael King) and the putative victim of the aggravated assault (Jeffrey Lee King) we will refer to them respectively as JMK (or appellant) and King.